**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Carlos CAMPOS–MARTINEZ aka
Carlos Martinez–Campos,
Defendant–Appellant.**

**No. 91–50756.**

United States Court of Appeals,
Ninth Circuit.

Submitted September 14, 1992 *.

Decided Oct. 5, 1992.

---

* The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34–4.

**590**

Yolanda B. Valdivieso, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

Bryan D. Daly, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before WIGGINS, KOZINSKI, and KLEINFELD, Circuit Judges.

WIGGINS, Circuit Judge:

## I. Facts

In September 1987, defendant, Carlos Campos–Martinez, was convicted of a felony (burglary). On July 2, 1989, Campos–Martinez was deported. On June 4, 1991, Campos–Martinez was convicted of another felony (burglary) and was deported again. On June 5, 1991, Campos–Martinez was arrested in the United States for yet another burglary. Campos–Martinez was then indicted under 8 U.S.C. § 1326 for illegal reentry after having been deported.

On September 3, 1991, Campos–Martinez pleaded guilty to the one-count indictment. During the plea hearing, Campos–Martinez stated that he understood the government might seek either a two-year or a five-year maximum sentence depending on his criminal history. The presentence report recommended a sentence of 24–30 months based on the United States Sentencing Guidelines. Campos–Martinez objected to this recommendation, arguing that he had pleaded guilty to a violation of subsection 1326(a) and that his maximum sentence was therefore 24 months. The government argued that Campos–Martinez had pleaded guilty to a violation of subsection 1326(b)(1) and that his maximum sentence was therefore five years. At sentencing, the district court adopted the government's position, holding that Campos–Martinez had pleaded guilty to a violation of 1326 in general and that he could be sentenced under subsection 1326(b)(1). Campos–Martinez appeals his 30 month sentence.

## II. Discussion

Campos–Martinez claims that his 30 month sentence is illegal because it exceeds the two-year statutory maximum sentence under 8 U.S.C. § 1326(a). The legality of a sentence is reviewed *de novo*. *United States v. Pomazi*, 851 F.2d 244, 247 (9th Cir.1988).

This case presents a single issue. Campos–Martinez argues that a prior felony conviction is an element of the crime of reentry following deportation for a felony conviction, which is codified at 8 U.S.C. § 1326(b)(1).[1] The government argues that a prior felony conviction is not an element of a separate crime described by subsection

---

1. Section 1326 provides in relevant part:

   (a) Subject to subsection (b), any alien who—
   (1) has been arrested and deported or excluded and deported, and thereafter
   (2) enters, attempts to enter, or is at any time found in, the United States ... shall be fined ... or imprisoned not more than two years or both.

   (b) Notwithstanding subsection (a), in the case of any alien described in such subsection—
   (1) whose deportation was subsequent to a conviction for commission of a felony (other than an aggravated felony), such alien shall be fined ... or imprisoned not more than 5 years, or both;
   8 U.S.C.S. § 1326(a)–(b)(1) (Law.Co-op.Supp. 1992).

1326(b)(1) but merely a sentence enhancement factor for the crime of reentry following deportation, which is codified at subsection 1326(a). After reviewing the relevant cases addressing section 1326, we are convinced that Campos–Martinez's argument correctly interprets the applicable statute.

In *United States v. Arias–Granados*, 941 F.2d 996 (9th Cir.1991), this court held that the use of a prior felony conviction under U.S.S.G. § 2L1.2(b)(1) did not violate the spirit of a bargain to plead guilty to a violation of section 1326(a). Specifically, this court held that the criminal defendants "received the full benefit of a bargain that permitted them to plead guilty to a crime with a lesser maximum sentence." *Id.* at 999. In reaching this conclusion, we explained that subsections 1326(a) and 1326(b)(1) describe two different crimes with different elements and maximum sentences:

> Both [defendants/appellants] had sustained previous felony convictions and had been deported. Both were charged with violation of 8 U.S.C. § 1326(b)(1), reentry following deportation for a felony conviction. The maximum sentence for that crime is five years.
>
> Appellants then entered into plea negotiations and eventually both pleaded guilty to one count of 8 U.S.C. § 1326(a), simple reentry following deportation. The maximum sentence for that charge is two years in prison.

*Id.* at 997 (footnote omitted); *see also id.* at 998 ("A prior felony conviction is an element of the crime with which appellants were charged, 8 U.S.C. § 1326(b)(1), but is not an element of the crime to which they pleaded guilty, 8 U.S.C. § 1326(a).").

The government argues that we should disregard *Arias–Granados* and dismiss its discussion of section 1326 as dicta. The *Arias–Granados* discussion of section 1326 technically may be classified as dicta because this court did not need to reach the issue of whether a felony conviction is an element of a separate crime under subsection 1326(b)(1) in that case. However, this court did find that the maximum sentence for a defendant who pleads guilty to a violation of subsection 1326(a) is two years, even if the defendant could be charged with a violation of 1326(b)(1), and this court based its holding in part on this analysis. Thus, we cannot dismiss the *Arias–Granados* discussion of section 1326 as superfluous dicta. Moreover, *Arias–Granados* is the only case in the Ninth Circuit to address the issue before us, and we cannot ignore its clear conclusion that subsections 1326(a) and 1326(b)(1) are different crimes with different elements and maximum sentences.

The discussion of section 1326 in *Arias–Granados* is also supported by our interpretation of its sister statute, 8 U.S.C. § 1325.[2] Sections 1325 and 1326 form the core of the illegal entry prohibitions of the United States Code, and both statutes provide that a previous criminal conviction may result in a longer sentence. Much like section 1326, section 1325(a) provides (1) that illegal entry is a crime with a maximum sentence of six months and (2) that another illegal entry after a previous conviction for illegal entry is a crime with a maximum sentence of two years. In *United States v. Arambula–Alvarado*, 677 F.2d 51 (9th Cir.1982), and *United States v. Arriaga–Segura*, 743 F.2d 1434 (9th Cir.1984), this court made it clear that a previous conviction for illegal entry is an element of the felony offense under section 1325. We think that section 1326 should be interpreted in a similar manner.

The government concedes that a previous conviction for illegal entry is an element of the felony offense under section 1325 but

---

**2.** Section 1325 provides in relevant part:

Any alien who (1) enters or attempts to enter the United States at any time or place other than as designated by immigration officers, or (2) eludes examination or inspection by immigration officers, or (3) attempts to enter or obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact, shall, for the first commission of any such offense, be fined ... or imprisoned not more than 6 months, or both, and for a subsequent commission of any such offense, be fined ... or imprisoned not more than 2 years, or both.

8 U.S.C.S. § 1325(a) (Law.Co-op.Supp.1992).

argues that section 1325 is not an analogous statute. This argument is not persuasive. Sections 1325 and 1326 are similar in structure, operation, purpose, and subject matter. The only structural difference between the two sections is that section 1325 identifies two separate crimes with different elements and maximum sentences in the same subsection while section 1326 separates the different crimes and maximum sentences into their own separate subsections. This minor structural difference between sections 1325 and 1326 supports rather than undercuts the argument that the separate offenses in section 1326 should be treated as such. In short, section 1325 provides the best analogy in this case, and a comparison between sections 1325 and 1326 leads us to the conclusion that a prior felony conviction is an element of the offense described in subsection 1326(b)(1).[3]

The government also argues that "[t]o the extent legislative history exists regarding 8 U.S.C. § 1326(b), that history supports the conclusion that Congress meant only to add additional penalties—not create additional crimes." However, the legislative history upon which the government relies consists of two ambiguous floor statements on a similar bill that was never enacted. We do not find that legislative history useful in this case.

In summary, subsections 1326(a) and 1326(b)(1) describe two different crimes with different elements and maximum sentences. Therefore, to charge and sentence a person under section 1326(b)(1), the indictment must include the element that the person was convicted of a prior felony. *See United States v. Pazsnit,* 703 F.2d 420, 423 (9th Cir.1983) ("After an indictment has been returned, its charges may not be broadened through amendment...."). Because the indictment in this case omitted the prior conviction element of subsection

1326(b)(1), it charged Campos–Martinez with a violation of subsection 1326(a), simple reentry after deportation. The maximum sentence for a violation of 1326(a) is two years, and Campos–Martinez must be sentenced accordingly.

### III. Conclusion

For the reasons stated above, the sentence is VACATED, and the case is REMANDED for resentencing.

---

**3.** The government also argues that we should look to other statutes for analogies. For example, the government finds that 18 U.S.C. § 924(a)(2) is analogous to section 1326. The government thus urges us to follow *United States v. Dunn,* 946 F.2d 615, 619 (9th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 401, 116 L.Ed.2d 350 (1991), where we held that "the three prior violent felonies required as a predicate for sentence enhancement [under 18 U.S.C. § 924(e)] need not be included in the indictment and proved at trial." However, we conclude that neither this nor any other analogy advanced by the government matches section 1325 for similarities to section 1326 in structure, operation, purpose, and subject matter.