983 F.2d 1079
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hector ORTIZ-CORTEZ, Defendant-Appellant.
 No. 92-50407.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 11, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hector Ortiz-Cortez appeals from his sentence, imposed after he pleaded guilty to being a deported alien found in the United States in violation of 8 U.S.C. § 1326. Ortiz-Cortez contends that the district court erred by sentencing him to a term of imprisonment in excess of the two-year statutory maximum sentence for the offense to which he pleaded guilty. We have jurisdiction under 28 U.S.C. § 1291 and we vacate the sentence and remand for resentencing.
 
 
 3
 The existence of a prior felony conviction is a necessary element of the offense of illegal reentry following deportation after a felony conviction under 8 U.S.C. § 1326(b), and is not simply a sentencing enhancement factor for illegal reentry in violation of section 1326. United States v. Gonzalez-Medina, 976 F.2d 570, 572 (9th Cir.1992). If the indictment omits the prior conviction element of subsection 1326(b), it charges the defendant with a violation of subsection 1326(a), which carries a maximum sentence of two years. United States v. Campos-Martinez, 976 F.2d 589, 592 (9th Cir.1992).
 
 
 4
 Here, before his arrest underlying this conviction, Ortiz-Cortez had been convicted of three aggravated felonies and had been deported several times, most recently in August 1991. He was indicted in one count for illegal reentry after having been deported. The indictment made no reference to Ortiz-Cortez's prior convictions. At sentencing, Ortiz-Cortez argued that as the indictment listed only the elements of section 1326(a), the maximum possible sentence was two years. The district court disagreed and sentenced him to 46 months imprisonment.
 
 
 5
 The government concedes, and we concur, that this case is controlled by our decisions in Gonzalez-Medina and Campos-Martinez. Because the indictment omitted the prior conviction element, Ortiz-Cortez has been convicted of a violation of subsection 1326(a) and must be sentenced accordingly. See Campos-Martinez, 976 F.2d at 592.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3