983 F.2d 1079
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jorge PEREZ-COVARRUBIAS, Defendant-Appellant.
 No. 92-30243.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 11, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jorge Perez-Covarrubias appeals his sentence imposed following entry of a guilty plea to being an alien in the United States after deportation, in violation of 8 U.S.C. § 1326. Perez-Covarrubias contends that the district court erred by sentencing him as though he were convicted for a violation of 8 U.S.C. § 1326(b) where the indictment was sufficient only to sustain a conviction under 8 U.S.C. § 1326(a).[1] We have jurisdiction under 28 U.S.C. § 1291 and we vacate the sentence and remand for resentencing.
 
 
 3
 The legality of a sentence is reviewed de novo. United States v. Hahn, 960 F.2d 903, 907 (9th Cir.1992).
 
 
 4
 8 U.S.C. § 1326(a) provides that any alien who has been arrested and deported and thereafter reenters the United States shall be imprisoned for not more than 2 years. 8 U.S.C. § 1326(b)(1) and (2) provides respectively that where the alien's deportation was subsequent to a felony conviction, imprisonment shall not exceed 5 years, and subsequent to an aggravated felony conviction, imprisonment shall not exceed 15 years. We recently have held that where an indictment omits the prior conviction element of subsection 1326(b), a defendant has only been charged under section 1326(a), simple reentry after deportation, and is therefore subject to a maximum of 2 years' imprisonment. United States v. Campos-Martinez, 976 F.2d 589, 591-592 (9th Cir.1992). In so holding, we explained that "subsections 1326(a) and 1326(b)(1) describe two different crimes with different elements and maximum sentences. Therefore, to charge and sentence a person under section 1326(b)(1), the indictment must include the element that the person was convicted of a prior felony." Id. at 592.
 
 
 5
 The instant indictment charging a violation of section 1326 made no reference to any prior felony.[2] The district court, however, sentenced Perez-Covarrubias to 63 months' imprisonment based on its finding that Perez-Covarrubias' deportation had been subsequent to an aggravated felony.
 
 
 6
 Because the indictment did not include the element of a prior aggravated felony, Perez-Covarrubias was charged only under section 1326(a) and could have been sentenced to a maximum period of two years' imprisonment. See Campos-Martinez, 976 F.2d at 591-592. In light of our holding, we need not address Perez-Covarrubias' other contentions regarding the applicability of a two-year maximum sentence.
 
 
 7
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We address this issue raised for the first time on appeal because the new issue arose due to a change in the law while the appeal was pending. See United States v. Flores-Payon, 942 F.2d 556, 558. The government concedes that the holding in United States v. Campos-Martinez, 976 F.2d 589, 591-592 (9th Cir.1992), filed subsequent to the judgment of the district court, requires that the instant sentence be vacated and remanded. Perez-Covarrubias adopts this argument, raised by the government, in his Reply Brief
 
 
 [2]
 The indictment filed January 7, 1992, only stated the following:
 The Grand Jury charges: That on or about the 27th day of December, 1991, JORGE PEREZ-COVARRUBIAS, a citizen and National of Mexico, who had theretofore on or about December 6, 1991, been arrested and deported at San Ysidro, California, was found at Sunnyside, in the Eastern District of Washington, and he did not then have permission of the Attorney General in writing to apply for reentry into the United States; all in violation of Title 8, United States Code, Section 1326.