990 F.2d 1263
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eduardo MARTINEZ-ROMAN, Defendant-Appellant.
 No. 92-10594.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 6, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eduardo Martinez-Roman appeals from his 63-month sentence, imposed following his conviction by guilty plea, for illegal reentry after having been deported in violation of 18 U.S.C. § 1326. Martinez-Roman contends that the district court erred by sentencing him to a term of imprisonment in excess of the two-year statutory maximum sentence for the offense to which he pleaded guilty. We have jurisdiction under 28 U.S.C. § 1291 and we vacate the sentence and remand for resentencing.
 
 
 3
 The existence of a prior felony conviction is a necessary element of the offense of illegal reentry following deportation after a felony conviction under 8 U.S.C. § 1326(b), and is not simply a sentencing enhancement factor for illegal reentry in violation of section 1326. United States v. Gonzalez-Medina, 976 F.2d 570, 572 (9th Cir.1992). If the indictment omits the prior conviction element of subsection 1326(b), it charges the defendant with a violation of subsection 1326(a), which carries a maximum sentence of two years. United States v. Campos-Martinez, 976 F.2d 589, 592 (9th Cir.1992). "Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(a).
 
 
 4
 Here, before his arrest underlying this conviction, Martinez-Roman had been convicted of an aggravated felony in state court and had been deported following his release from state prison. He was indicted in one count for illegal reentry after having been deported. The indictment made no reference to Martinez-Roman's prior convictions. The presentence report calculated the applicable guideline range at 63-78 months, based in part on a 16-level upward adjustment for illegal reentry following deportation for a prior aggravated felony. The district court sentenced Martinez-Roman to 63 months imprisonment.
 
 
 5
 The government concedes, and we concur, that this case is controlled by our decisions in Gonzalez-Medina and Campos-Martinez. Because the indictment omitted the prior conviction element, Martinez-Roman has been convicted of a violation of subsection 1326(a) and must be sentenced accordingly despite the higher guideline range. See Campos-Martinez, 976 F.2d at 592; U.S.S.G. § 5G1.1(a).
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3