**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Miguel BENITEZ–FARIAS,
Defendant—Appellant.**

No. 99–30379.
D.C. No. CR–99–00071–FVS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 2001.

Decided Feb. 14, 2001.

Before RYMER, THOMAS, and McKEOWN, Circuit Judges.

MEMORANDUM *

Miguel Benitez–Farias appeals a jury verdict finding him guilty of two counts of possession with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1), and his sentence following his guilty plea of being a deported alien found in the United States in violation of 8 U.S.C. § 1326. Benitez–Farias was sentenced to 120 months for each of the 21 U.S.C. § 841(a)(1) convictions and to 110 months for the 8 U.S.C. § 1326 conviction. All of the sentences run concurrently. We have jurisdiction, 18 U.S.C. § 3742(a); 28 U.S.C. § 1291, and affirm.[1]

I

■ Benitez–Farias argues that the government suppressed information about the confidential informant (CI) in violation of its *Brady* obligations.[2] We review *Brady* challenges de novo. *See United States v. Vgeri*, 51 F.3d 876, 880 (9th Cir.1995). To prevail on his *Brady* claim, Benitez–Farias "must show that (1) the evidence was exculpatory or impeaching; (2) it should have been, but was not produced; and (3) the suppressed evidence was material to his guilt or punishment." *United States v. Cooper*, 173 F.3d 1192, 1202 (9th Cir.1999) (citations omitted).

■ Given what was produced, and the role of the CI in this case, we cannot see how copies of additional contracts or testimony could be material.[3] "Evidence is material under *Brady* only if there is a reasonable probability that the result of the proceeding would have been different had it been disclosed to the defense." *Id.* Here, the CI's credibility was not critical to the government's case. The transaction was tape-recorded, and corroborated by pictures of Benitez–Farias with the CI as well as testimony of officers who saw Benitez–Farias inside the Honda when the package of methamphetamine was delivered. The defense had ample information to impeach the CI. Prior to trial, the government provided the CI for the defense to interview and gave the defense the CI's criminal history, receipts indicating that the CI had been paid $220 for work on Benitez–Farias's case, contracts between the Columbia River Drug Task Force and the CI, and a document indicating that the CI had been paid $4000 to relocate by the DEA. At trial, the CI, Adcock and Patterson testified that the CI had extensive involvement with several law enforcement agencies over 10–11 years; that he had obtained lenient sentences on numerous convictions; that he was on a salary of $375 per week, was paid $50 for each show up, had received relocation expenses of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. We do not address issues raised for the first time in Benitez–Farias's reply brief because they are waived. *See Omega Environmental, Inc. v. Gilbarco, Inc.*, 127 F.3d 1157, 1167 (9th Cir.1997), *cert. denied*, 525 U.S. 812, 119 S.Ct. 46, 142 L.Ed.2d 36 (1998).

2. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

3. "The *Brady* rule extends to impeachment evidence, if the reliability of the witness may be determinative of the defendant's guilt or innocence." *United States v. Bracy*, 67 F.3d 1421, 1428 (9th Cir.1995); *United States v. Ciccone*, 219 F.3d 1078, 1085 (9th Cir.2000).

$4000 from the DEA, and had been paid $8000 by the Columbia River Task Force over a two-year period. Anything further would have been cumulative and would not "put the whole case in such a different light as to undermine confidence in the verdict." *Kyles v. Whitley*, 514 U.S. 419, 435, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995); *see also Vgeri*, 51 F.3d at 880 (holding that no *Brady* violation existed where the government failed to disclose the informant's prior relationship with law enforcement when the jury heard extensive testimony of that relationship).

## II

Benitez–Farias contends there was insufficient evidence to support his conviction on count two, but viewing the record in the light most favorable to the government, there is evidence from which a rational jury could find beyond a reasonable doubt that Benitez–Farias had dominion and control over the duct-tape ball of methamphetamine. *See United States v. Magallon–Jimenez*, 219 F.3d 1109, 1113 (9th Cir.2000). The duct-tape ball was found directly under Benitez–Farias's feet; the ball did not belong to Rist; Benitez–Farias had admitted to Rist that he had a ball in his pocket earlier that evening; and one could see plastic and a substance through the ball.

## III

Benitez–Farias argues that the indictment, by not referring to a specific subsection, charged him under 8 U.S.C. § 1326(a) rather than 8 U.S.C. § 1326(b), limiting his

4. We review de novo the legality of a sentence. *See United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir.2000).

5. We do not require supplemental briefing on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because

sentence to two years imprisonment.[4] He relies upon *United States v. Campos–Martinez*, 976 F.2d 589 (9th Cir.1992); however *Campos–Martinez* was overruled in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *Almendarez–Torres* remains good law. *See United States v. Pacheco–Zepeda*, 234 F.3d 411, 414–15 (9th Cir.2000). Consequently, it was not error for the district court to sentence Benitez–Farias to 110 months imprisonment.[5]

Nor was the court precluded from imposing a more severe sentence than contemplated by the plea agreement. Unlike *United States v. Fernandez*, 960 F.2d 771 (9th Cir.1992), this was not a Rule 11(e)(1)(C) plea. Benitez–Farias's plea agreement specifically left the sentence up to the district court.

AFFIRMED.

any *Apprendi* error would be harmless. *See United States v. Garcia–Guizar*, 234 F.3d 483, 488–89 (9th Cir.2000) (holding that any *Apprendi* error is harmless if the defendant is sentenced to less than the statutory maximum).