**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50282 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-02057-BEN-1 |
| v. | |
| PABLO CRISTOBAL AYALA-YUPIT, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted August 3, 2016[**]
Pasadena, California

Before: O'SCANNLAIN, RAWLINSON, and CALLAHAN, Circuit Judges.

Pablo Ayala-Yupit appeals his conviction, following a bench trial, for felony

illegal entry in violation of 8 U.S.C. § 1325 and attempted illegal re-entry in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and vacate in part.

I

Ayala contends that the government did not introduce sufficient evidence to sustain his convictions.

The parties dispute whether a challenge to the sufficiency of the evidence was preserved, but "plain-error review of a sufficiency-of-the-evidence claim is only 'theoretically more stringent' than the standard for a preserved claim." *United States v. Flyer*, 633 F.3d 911, 917 (9th Cir. 2011) (quoting *United States v. Cruz*, 554 F.3d 840, 844 (9th Cir. 2009)).  Review of Ayala's claim is governed by *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  *See Flyer*, 633 F.3d at 917.

II

A

Ayala first argues that the government failed to introduce sufficient evidence to sustain the felony § 1325 conviction.

A "previous conviction for illegal entry is an element of the felony offense of § 1325."  *United States v. Rodriguez-Gonzales*, 358 F.3d 1156, 1160 (9th Cir. 2004) (quoting *United States v. Campos-Martinez*, 976 F.2d 589, 591 (9th Cir. 1992)) (alterations omitted).  "Absent proof of a former 'conviction,' the defendant

2

should not be given a felony sentence." *Id.* (quoting *United States v. Arambula-Alvarado*, 677 F.2d 51, 52 (9th Cir. 1982)) (alterations omitted). Here, the government admits that the "stipulated facts were poorly drafted" and "failed to mention Ayala's prior § 1325 conviction." It does not, nor could it, argue that the evidence was adequate to allow any rational trier of fact to find the essential element of a former conviction under § 1325 on this record. *See Flyer*, 633 F.3d at 917.

Instead, the government argues that "Ayala's prior conviction is an objective fact that was not, is not, and cannot be disputed," and Ayala's counsel stated his expectation that there would be a finding of guilt. But "[w]hat matters in satisfying the government's burden of proof in a criminal case is not objective reality nor defendant's personal belief, but the evidence the government presents in court." *United States v. Hernandez-Meza*, 720 F.3d 760, 765 (9th Cir. 2013). Here, the government clearly failed to meet its burden of proof with evidence presented in court. As a result, Ayala's felony conviction under § 1325 cannot stand.[1]

---

[1] The government has not requested in its answering brief that we direct the trial court to enter a judgment for a lesser-included offense of misdemeanor illegal entry. *See United States v. Dinkane*, 17 F.3d 1192, 1198 (9th Cir. 1994). Accordingly, any such request is waived.

B

Ayala next argues that the government failed to introduce sufficient evidence to sustain his § 1326 conviction.

Specifically, Ayala argues that the government failed to prove his specific intent to enter the United States free from official restraint. *See United States v. Argueta-Rosales*, 819 F.3d 1149, 1156 (9th Cir. 2016) (applying *United States v. Lombera-Valdovinos*, 429 F.3d 927 (9th Cir. 2005)). The parties stipulated that Ayala knew that he was entering the United States and entered voluntarily, that he entered at a place other than a designated port of entry, and that he was found in the United States approximately 5.4 miles east of a port of entry. Considering this evidence in the light most favorable to the prosecution, such evidence is sufficient for a rational trier of fact to find that Ayala had specific intent to remain free from official restraint. *See id.* at 1161 ("When a person is spotted by border patrol agents crossing into the United States, away from an official port of entry, this alone is compelling evidence that the person intends to achieve not only physical presence in the United States but also freedom from official restraint."). Accordingly, Ayala's § 1326 conviction stands.

**AFFIRMED IN PART, VACATED IN PART.**