## WALKER v. UNITED STATES.

### No. 12132.

United States Court of Appeals
Ninth Circuit.

Aug. 30, 1949.

Leo V. Silverstein, Los Angeles, Cal., for appellant.

James M. Carter, U. S. Atty., Ernest A. Tolin, Chief Asst. U. S. Atty., Norman W. Neukom, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before GARDNER,* Chief Judge, and BONE and POPE, Circuit Judges.

BONE, Circuit Judge.

Appellant was convicted before a jury under four counts of an indictment, each of which purported to charge a violation of the provisions of § 3224(a) of Title 26 U.S.C.A.[1]

The Judgment recites, "It Is Adjudged that the defendant has been convicted upon his plea of not guilty, and a verdict of guilty of the offense of the sale of narcotics in violation of Section 3224(a), Title 26 U.S.C.A. as charged in each of counts five, six, seven and eight of the Indict., and * * * It Is Adjudged that the defendant is guilty as charged and convicted."

Appellant's sole specification of error, raised for the first time on this appeal, is that the indictment fails to state an offense against the laws of the United States. Specifically, the contention is that it fails to state that appellant was a person required by law to register, or one of a class required to register.

§ 3224(a) reads as follows: "Trafficking. It shall be unlawful for any person required to register under the provisions of this part or section 2551(a) to import, manufacture, produce, compound, sell, deal in, dispense, distribute, administer, or give away any of the aforesaid drugs without having registered and paid the special tax as imposed by this part, or section 2551(a)."[2]

It seems clear to us that only those persons who are required to register and to pay the special occupational tax, but fail to do so, can be charged with violations of this section. Section 3221 tells us who is required to register: namely, "every person who engages in any of the activities

* Chief Judge, United States Court of Appeals for the Eighth Circuit, designated to sit in this court.

[1] Each of the counts is identical except for different allegations as to time, purchaser, and amount sold. Count 7 is a typical example of the counts under which appellant was convicted. It reads as follows: "On or about September 20, 1948, in Los Angeles County, California, within the Central Division of the Southern District of California, defendants John D. Walker and Edward Roy did sell to George R. Davis and Fred Dauge a certain narcotic drug, namely: approximately one grain of heroin, a derivative of opium, which said heroin was sold by the said defendants without having registered with the Collector of Internal Revenue as dealers in this narcotic and without paying the special tax imposed on such dealers by law."

[2] The words "this part" appearing in § 3224(a) refer to and include §§ 3220 through 3228 of Title 26.

enumerated in section 3220." This section enumerates, among others, the activities of wholesale dealers and retail dealers. Finally, § 3228 defines wholesale dealers as those who sell drugs *in* original stamped packages, and retail dealers as those who sell drugs *from* original stamped packages.

Thus it would seem that the foregoing sections were designed to require legitimate dealers in stamped drugs to register and to pay special occupational taxes. Persons who deal in contraband or unstamped drugs are not required to register or to pay the occupational taxes,[3] since such dealings, while offending against the law, are punishable under other sections of the code.[4] However, since dealers in contraband drugs are not required to "register," they cannot be punished for failing to do so.

Appellee argues that since each of the four counts in the indictment alleged that appellant "did sell * * * without having registered * * * as a dealer in this narcotic," failure to include in each count a phrase or clause setting forth "that appellant was required to register," or "being a person required by law to register," is not a fatal defect. It is further argued that to sustain appellant's contention would be to require a very technical overnicety which the liberal Federal Rules of Criminal Procedure, 18 U.S.C.A., were designed to abolish.

The counts under which appellant was convicted should have charged all of the essential facts or elements necessary to constitute a crime under the specific provisions of § 3224(a). We are persuaded that it fails so to do.

■■■ As indicated above, and for the reasons there stated, not every person selling narcotics is required to register and to pay an occupational tax. Therefore, an essential element of the offense of selling narcotics without having registered is that the person charged *must* be one who is by law required to register.[5] Section 3224(a) specifically limits the offense to such persons. It is a familiar rule that it is not necessary that an indictment negative every exemption or possibility of facts that could possibly be a defense, but we do not think that the instant indictment is within this rule. Peddlers who sell unstamped narcotics need not register and pay the occupational tax, not because *they fit into an exemption, statutory or otherwise,* but simply because they do not come within the orbit of the registration sections above referred to.

■■■ Appellee contends that because appellant was charged (under the four counts) with making four distinct and separate sales, it can be easily inferred that he was a dealer and therefore required to register. This contention ignores the rule that each count in an indictment is regarded as if it were a separate indictment and must be sufficient in itself. Therefore, it must stand or fall upon its own allegations without reference to other counts not expressly incorporated by reference.[6] It would further require the *additional* inference that appellant was a dealer in legitimate stamped narcotics and therefore a person required by law to register.

The counts under which appellant was convicted fail to charge a crime under § 3224(a). The judgment and sentence thereon is reversed.

---

[3] Russell v. United States, 2 Cir., 1928, 26 F.2d 363; Martin v. United States, 6 Cir., 1927, 20 F.2d 785; O'Neill v. United States, 8 Cir., 1927, 19 F.2d 322.

[4] Section 2553, prohibiting sales except in or from original stamped packages, and § 2554 prescribing order forms.

[5] Gerardi v. United States, 1 Cir., 24 F.2d 189; Smith v. United States, 8 Cir., 17 F.2d 723; and see Stokes v. United States, 8 Cir., 39 F.2d 440; Butler v. United States, 8 Cir., 20 F.2d 570.

[6] McClintock v. United States, 10 Cir., 60 F.2d 839, citing cases including Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356, 80 A.L.R. 161. See also United States v. Denny, 7 Cir., 165 F.2d 668, certiorari denied 333 U.S. 844, 68 S.Ct. 662, 92 L.Ed. 1127.