UNITED STATES of America,
Plaintiff–Appellant,

v.

Elisa RODRIGUEZ–GONZALES,
Defendant–Appellee.

No. 02–50594.

United States Court of Appeals,
Ninth Circuit.

Argued Aug. 4, 2003.

Submitted Feb. 11, 2004.

Filed Feb. 19, 2004.

Maria E. Stratton, Sean K. Kennedy, Federal Public Defenders' Office, Los Angeles, CA, for the defendant-appellee.

Before: KOZINSKI, and T.G. NELSON, Circuit Judges, and JANE A. RESTANI,* Court of International Trade Judge.

T.G. NELSON, Circuit Judge:

The Government appeals the district court's sentencing of Defendant Elisa Rodriguez–Gonzales to two consecutive six-month terms for two illegal entries into the United States in violation of 8 U.S.C. § 1325. The Government argues that the court was required to impose the statutory maximum term of twenty-four months' imprisonment for the second violation because it was a subsequent commission under § 1325. The district court held that it could not impose the statutory maximum because the Government failed to charge the second entry specifically as a second violation. The district court held that it had to treat the two violations independently and thus imposed two six-month sentences for two distinct violations. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

On or about May 29, 1988, and again on or about December 14, 1999, Rodriguez–Gonzales illegally entered the United States. On July 11, 2002, Rodriguez–Gonzales was found in San Bernardino County, California. The Government first charged

Debra W. Yang, Jacqueline Chooljian, Andrea L. Russi, U.S. Attorney's Office, Los Angeles, CA, for the plaintiff-appellant.

* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

her with one count of illegal entry under 8 U.S.C. § 1326. She agreed to plead guilty in exchange for the Government's promise to recommend a thirty-month sentence. However, when the court announced its intention to follow the presentence report's recommendation of between fifty-seven and seventy-one months, Rodriguez–Gonzales withdrew her guilty plea.

On October 9, 2002, the Government filed a second superseding information charging Rodriguez–Gonzales with two separate counts of illegal entry in violation of 8 U.S.C. § 1325(a). Rodriguez–Gonzales again entered into a plea agreement with the Government in which she admitted to the two illegal entries. Because 8 U.S.C. § 1325(a) imposes a maximum six-month sentence for a first illegal entry, and raises the penalty to a maximum of twenty-four months "for a subsequent commission of any such offense,"[1] both parties believed that, as in the previous agreement, Rodriguez–Gonzales' plea would subject her to a maximum thirty-month prison term.

On October 10, 2002, pursuant to the parties' plea agreement, Rodriguez–Gonzales pleaded guilty before the district court to the two-count second superseding information. The district court noted that the information did not state that the second count was a subsequent entry. At sentencing on October 16, 2002, the district court explained its belief that, for the twenty-four-month statutory maximum to apply to the second count, the Government had to specifically plead that the second count was a second entry under 8 U.S.C. § 1325(a). Because the Government hadn't done so, the district court held that

Rodriguez–Gonzales had pleaded guilty to two distinct illegal entries in violation of 8 U.S.C. § 1325 and sentenced her to two consecutive six-month sentences. The Government filed this timely appeal.

## II. JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

 We review *de novo* a district court's construction or interpretation of a statute.[2] The sufficiency of an indictment is also reviewed *de novo*.[3]

## III. DISCUSSION

 This case requires us to reconcile the well-established requirement that each count against a defendant in an information or indictment must sufficiently levy the charge in and of itself and thus stand on its own, with the *Almendarez–Torres*[4] exception to *Apprendi*,[5] which holds that a prior offense may be used to increase a defendant's sentence even if the Government's pleading omitted it. We conclude that when, as in this case, the earlier offense operates not merely to increase a defendant's sentence, but to transform his second offense from a misdemeanor to a felony, *Almendarez–Torres* does not apply. The district court properly held that the Government had not charged the second offense explicitly as a second violation, and therefore, the sentence was correct.

---

1. 8 U.S.C. § 1325(a).

2. *United States v. Carranza,* 289 F.3d 634, 642 (9th Cir.2002).

3. *United States v. Fleming,* 215 F.3d 930, 935 (9th Cir.2000).

4. *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

5. *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

## A. Precedent Mandates That Each Count in an Information or Indictment be Sufficient On Its Own

The Supreme Court and the Ninth Circuit have long held that "each count in an indictment [in this case, an information] is regarded as if it were a separate indictment"[6] and "must be sufficient in itself."[7] Further, each count "must stand or fall on its own allegations without reference to other counts not expressly incorporated by reference."[8] Many of this court's sister circuits have cited this long-standing rule requiring specificity with approval.[9] We now re-affirm this longstanding rule's validity.

Count One of the United States' second superseding information charged Rodriguez–Gonzales with one misdemeanor count of illegally entering the United States in violation of 8 U.S.C. § 1325(a).[10] Count Two also charged Rodriguez–Gonzales with one count of illegally entering the United States in violation of 8 U.S.C. § 1325(a). Because Count Two did not reference Count One, Count Two therefore also charged Rodriguez–Gonzales with a misdemeanor.[11] The information was inadequate as a matter of pleading to charge Count Two as a felony.

The United States relies on *Deal v. United States*[12] to support its argument that charging Rodriguez–Gonzales with two violations of 8 U.S.C. § 1325(a) in the same instrument rendered the second count a "subsequent commission." Although *Deal* is instructive to this court, it is not dispositive. In *Deal*, the Supreme Court held that a jury conviction on one count in an indictment may render a conviction on a following count in the same indictment to be a "subsequent conviction" for which the defendant may be subject to an increased penalty. Although this lends support to the Government's argument that it could have charged Rodriguez–Gonzales' second offense as a subsequent commission, it in no way shows that the Government actually did so here.

*Deal* did not address pleading requirements, which are of particular importance in this case, where a prior offense may transform a subsequent offense from a misdemeanor to a felony. In *Deal*, unlike the current case, neither the court nor the parties disputed the sufficiency of the indictment. Thus, it is unclear whether the later counts in *Deal* referenced the original conviction. In addition, *Deal* merely involved sentencing. It did not involve a first charge elevating a second charge from a misdemeanor to a felony. Thus, while *Deal* illustrates that the Government need not hold separate trials in order to subject a defendant to multiple counts under a statute, it said nothing about how those counts should be charged in the indictment.

**6.** *Dunn v. United States*, 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356 (1932), *overruled on other grounds by Sealfon v. United States*, 332 U.S. 575, 68 S.Ct. 237, 92 L.Ed. 180 (1948).

**7.** *Walker v. United States*, 176 F.2d 796, 798 (9th Cir.1949).

**8.** *Id.*

**9.** *See, e.g., Davis v. United States*, 357 F.2d 438, 440 (5th Cir.1966); *United States v. Gordon*, 253 F.2d 177, 180 (7th Cir.1958) (referring to the requirement as the "universal rule"); *McClintock v. United States*, 60 F.2d 839, 841 (10th Cir.1932).

**10.** *See* 18 U.S.C. § 3559(a) (stating classification of offenses).

**11.** *See Dunn*, 284 U.S. at 393, 52 S.Ct. 189; *Walker*, 176 F.2d at 798.

**12.** 508 U.S. 129, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993).

## B. Under 8 U.S.C. § 1325(a) a Prior Conviction Must be Charged

■ The existence of a prior conviction under 8 U.S.C. § 1325(a) substantively transforms a second conviction under the statute from a misdemeanor to a felony. A prior conviction is therefore more than a sentencing factor, and we conclude that it must be charged explicitly. In Apprendi,[13] the Supreme Court held that a jury must find all facts that increase the prescribed penalties to which a criminal defendant is exposed.[14] Apprendi specifically noted that Almendarez–Torres stands as a narrow exception to this rule.[15] The Government argues that the Almendarez–Torres exception instructs this court to hold that any prior conviction is a sentencing enhancement and therefore need not be charged. However, we hold that because a subsequent commission under 8 U.S.C. § 1325(a) changes the nature of the crime, the prior commission must be charged.

In Almendarez–Torres, the defendant was charged with illegal entry into the United States in violation of 8 U.S.C. § 1326. Any violation of § 1326 constitutes a felony. However, if a defendant has been previously convicted of certain other offenses, the maximum sentence increases.[16] The defendant in Almendarez–Torres had been previously convicted of an aggravated felony but claimed he could not be subject to the increased prison term because his prior felony conviction was not charged in his indictment. The Supreme Court held that a prior conviction under 8 U.S.C. § 1326 "simply authorizes an enhanced sentence" and is therefore not subject to Apprendi and need not be charged in the indictment.[17]

We note that Almendarez–Torres does not conflict with our holding in this case. Almendarez–Torres stated that an indictment "need not set forth factors relevant only to the sentencing of an offender found guilty of the charged crime." [18] The case did not address the precise situation here, in which not merely the sentence, but the nature of the crime changes. Moreover, Almendarez–Torres specifically recognized that "[a]n indictment must set forth each element of the crime it charges." [19] We have previously held, and the Government has conceded, that a "previous conviction for illegal entry is an element of the felony offense [of § 1325]." [20] Further, this court has stated that "[a]bsent proof of a former 'conviction,' the [defendant should not be given] a felony sentence." [21] Accordingly, our conclusion that the Government had to charge Rodriguez–Gonzales' prior illegal entry in violation of § 1325 in the indictment's second count follows Ninth Circuit law and does not conflict with Almendarez–Torres.

A felony versus a misdemeanor conviction has serious ramifications for a defendant. For example, felons, but not misdemeanants, are denied the right to vote, the right to bear arms, and may have significant difficulty in finding gainful employment.[22] Due to the ramifications of a felo-

13. Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

14. Id. at 490, 120 S.Ct. 2348.

15. Id. at 489–90, 120 S.Ct. 2348.

16. 8 U.S.C. § 1326(b)(1)-(4).

17. Almendarez–Torres, 523 U.S. at 226, 118 S.Ct. 1219.

18. Id. at 228, 118 S.Ct. 1219 (italics added).

19. Id. (italics added).

20. United States v. Campos–Martinez, 976 F.2d 589, 591 (9th Cir.1992).

21. United States v. Arambula–Alvarado, 677 F.2d 51, 52 (9th Cir.1982).

22. See United States v. Corona–Sanchez, 291 F.3d 1201, 1219 (9th Cir.2002) (en banc) (Kozinski, J., dissenting); United States v. Sharp, 12 F.3d 605, 608 (6th Cir.1993). This court notes that Rodriguez–Gonzales is an illegal alien and has been convicted of a felony in the past. Thus, many of the ramifications of be-

ny conviction, this court will not expand *Almendarez–Torres*, which the Supreme Court has cautioned us to treat as a "narrow exception" to *Apprendi's* general rule.[23] This conclusion comports with the long-standing law that each count charged against a defendant must stand on its own. It is also easily reconciled with *Almendarez–Torres* because a prior commission affects not merely the defendant's sentence, but the very nature of his crime.

Rodriguez–Gonzales pleaded guilty to two distinct counts of illegal entry into the United States in violation of 8 U.S.C. § 1325(a). Each count in an information must stand on its own, and Count Two did not incorporate Count One. Because the statute changes the substantive nature of a second illegal reentry from a misdemeanor to a felony, the fact of a previous entry is more than a sentencing factor and must be charged explicitly. The Government did not do so here, and therefore, the district court properly held that Rodriguez–Gonzales pleaded guilty to two misdemeanor charges and sentenced her accordingly. Thus, we affirm.

Conviction AFFIRMED.

ing held a felon on this second count in the indictment here at issue would not apply to her directly. However, as certain states have "three-strikes" laws, and other laws may always change, the additional felony may have some effects in the future.

**23.** *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348.