**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jorge MORALES–ZAVALA, Defendant—Appellant.**

No. 04–50196.
D.C. No. CR–03–2973–LAB.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2005.*

Decided March 18, 2005.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Maura Quinn, USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Ellis Johnston, FDSD–Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before GRABER and CALLAHAN, Circuit Judges, and BREYER, District Judge.**

MEMORANDUM***

Appellant Jorge Morales–Zavala appeals his conviction and five-year sentence for alien smuggling. For the reasons stated below, we affirm.

■ 1. Appellant first claims that the government violated the Fifth and Sixth Amendments by deporting an allegedly material witness. We review de novo. *United States v. Armenta,* 69 F.3d 304, 306 (9th Cir.1995).

There was no constitutional violation because appellant has failed to show that the deported witnesses possessed material evidence that would have been favorable to his defense. *See United States v. Dring,* 930 F.2d 687, 693–94 (9th Cir.1991). There is no contention that any of the deported witnesses specifically denied that

** Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Morales was the guide, or possessed any other potentially exculpatory evidence. Although one individual identified another person as a guide, he did not state that the person was the only guide. This is consistent with the account of all parties at trial—including Morales—who agreed that there were at least two guides. Therefore, the evidence possessed by the deported witnesses was, at best, neutral to appellant's case. *See United States v. Gastelum–Almeida,* 298 F.3d 1167, 1174 (9th Cir.2002) (rejecting argument that deportation of a neutral witness caused prejudice to the defendant).

Appellant's argument that, even if the indictment should not be dismissed pursuant to *Dring,* the witness deportation violated *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), also fails because *"Dring[,]* not *Brady* . . . applies to access-to-evidence claims based on illegal witness deportation." *United States v. Carreno,* 363 F.3d 883, 888 (9th Cir.2004), *vacated and remanded on other grounds,* —— U.S. ——, 125 S.Ct. 1000, 160 L.Ed.2d 1000 (2005).

■■■ **2.** Appellant next challenges the district court's evidentiary ruling allowing the prosecutor to cross-examine him regarding prior border crossings. We review for an abuse of discretion. *United States v. Hankey,* 203 F.3d 1160, 1166 (9th Cir.2000).

The evidence of prior crossings was relevant to show that appellant had the knowledge and experience to act as a guide and was therefore admissible prior acts evidence under Federal Rule of Evidence Rule 404(b). However, such evidence was not properly noticed pursuant to Rule 404(b) and therefore a new trial is warranted unless the error was harmless. *See United States v. Vega,* 188 F.3d 1150, 1153 (9th Cir.1999). Here, the error was harmless because of the overwhelming evidence presented at trial of appellant's guilt. Three witnesses testified that appellant was the guide and a border patrol agent said he saw Morales giving the group instructions. There was no directly contrary evidence.

3. Appellant's final argument is that the district court's sentence of five years was improper under *United States v. Rodriguez–Gonzales,* 358 F.3d 1156 (9th Cir. 2004), because the third count of the indictment was not pled with sufficient specificity. Although an indictment must plead all elements of a crime, it "need not set forth factors relevant only to the sentencing of an offender found guilty of the charged crime." *Almendarez–Torres v. United States,* 523 U.S. 224, 228, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). The dispositive question is whether the statute "defines a separate crime or simply authorizes an enhanced penalty." *Id.* at 226. Here, 8 U.S.C. § 1324(a)(2)(B) provides for different sentencing ranges based upon the number of aliens smuggled. *United States v. Gonzalez–Torres,* 309 F.3d 594, 601–02 (9th Cir.2002). Therefore, the number of aliens pled merely authorizes an enhanced penalty. It does not "change[ ] the nature of the crime." *Cf. Rodriguez–Gonzales,* 358 F.3d at 1160 (prior conviction under 8 U.S.C. § 1325(a) transforms second offense from a misdemeanor to a felony and therefore changes its nature). The third count of the indictment need not have incorporated the prior two counts.

Further, this is not, as appellant suggests, a case in which the rule of *Apprendi v. New Jersey,* 530 U.S. 466, 476, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) applies. The indictment in this case pled three separate violations of § 1324(a), and the jury returned a verdict of guilty on all counts. Because the jury found defendant smuggled all three persons into this country, no fact remained for the judge to decide.

This is therefore not a case in which *Apprendi* and *Almendarez–Torres* provide conflicting guidance. *See Apprendi,* 530 U.S. at 477 n. 3 (stating that the Court was not addressing the question, discussed in *Almendarez–Torres,* of indictment pleading standards); *id.* at 488 (distinguishing *Almendarez–Torres* as a case in which "no question concerning the right to a jury trial ... was before the Court").

**AFFIRMED.**