UNITED STATES of America, Plaintiff—Appellee,

v.

Ernest Ron WASHINGTON, Defendant—Appellant.

No. 07–10118.

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2008.*

Filed July 17, 2008.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

James T. Lacey, Office of the U.S. Attorney Evo A. Deconcini, George Ferko, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Jonathan Young, William & Young, PC, Tucson, AZ, for Defendant–Appellant.

Before: BEA, FARRIS, and SILER,[**] Circuit Judges.

### MEMORANDUM [***]

Ernest Ron Washington appeals his jury conviction in the United States District Court for the District of Arizona for conspiracy to possess or distribute between 100 and 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii), and 846, and for aiding and abetting in the possession of less than 100 kilograms of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Washington contends the district court erred by denying his motion to quash the jury panel on the ground the jury selection procedures used in his trial violate Washington's Fifth Amendment equal protection right and Sixth Amendment right to a jury made up of a "fair cross-section of the community." In the context of jury selection, both the Fifth and Sixth Amendments require a defendant to prove, *inter alia*, that the jury panel selection procedures systematically under-represent a distinctive group in the population from which the jury panel is drawn. *See Castaneda v. Partida*, 430 U.S. 482, 494, 97 S.Ct. 1272, 51 L.Ed.2d 498 (1977) (Fifth Amendment); *Duren v. Missouri*, 439 U.S. 357, 364, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979) (Sixth Amendment). Washington failed to introduce any evidence of systematic under-representation of African–Americans in the selection of the jury panel.

Washington next contends the district court erred by providing supplemental instructions and amending the verdict form, after closing arguments, in response to the jury's statement it was "deadlocked" on the amount of marijuana Washington conspired to possess and the jury's question whether it could convict Washington for conspiring to possess a lesser weight of marijuana than that with which he was charged. The supplemental instructions and amended verdict form allowed the jury

---

[**] The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

[***] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to find Washington guilty on lesser included offenses, based on weight, than those on the original verdict form. Washington contends the timing of the instructions and amended verdict form—after the jury began deliberations—interfered with his right to present a meaningful closing argument.

■ Washington did not object to the amended verdict form as abridging his right to meaningful closing argument at the time the amended form was given, so we review his contention for plain error. *United States v. McIver*, 186 F.3d 1119, 1130 (9th Cir.1999).

On plain error review, Washington's contention is foreclosed by *McIver* because the verdict form and supplemental instructions contained correct statements of law. The amendments to the verdict form did not add "new" crimes to those with which the government charged Washington, because a defendant always may face conviction for a lesser included offense that is necessarily part of a greater charged offense. *See* FED.R.CRIM.P. 31(c); *see also United States v. Stolarz*, 550 F.2d 488, 492 (9th Cir.1977).

■ Next, Washington contends the district court clearly erred by increasing his sentence by two levels for his use of a gun to threaten Millyard because (1) the government did not afford him "notice" in the indictment that Millyard would testify Washington used a gun, and (2) substantial evidence did not support the court's finding that Washington used a gun. Washington also contends the district court clearly erred by increasing his sentence by three levels for his supervisory role in Simmons's marijuana trafficking operation

because that role was not supported by evidence.

■ The district court did not err by enhancing Washington's sentence by two levels for his use of a gun, even though the gun was not charged in the indictment, because it was a factual finding in an advisory guideline sentence and not an element of any offense with which Washington was charged, and the government introduced evidence that led the court reasonably to conclude Washington used a gun. *United States v. Rodriguez–Gonzales*, 358 F.3d 1156, 1160 (9th Cir.2004).

The district court did not clearly err by finding Washington was a "supervisor," and, accordingly, enhancing Washington's sentence by three levels, because the government introduced evidence that led the court reasonably to conclude Washington had a supervisory role.

**AFFIRMED.**