# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 7, 2013

No. 12-40065

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KAROL RAY MCATEE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-725-1

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Karol Ray McAtee ("McAtee") was found guilty of possession of a mixture or substance containing approximately 0.52 of a gram of methamphetamine, in violation of 21 U.S.C. § 844(a). Because his two prior simple possession convictions raised McAtee's statutory maximum term of imprisonment to two years pursuant to 21 U.S.C. §§ 841 and 851, his violation qualified as a felony offense. *See* 18 U.S.C. § 3559(a). He was sentenced to time served—six months and eight days' imprisonment—and required to pay a $100

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40065

special assessment. On appeal, McAtee asserts that there was insufficient evidence of his guilt to sustain a conviction; that the district court erred in admitting evidence of a pipe found in his car; and that the sentence enhancement was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because it raised his offense from a misdemeanor to a felony. We AFFIRM McAtee's conviction and sentence.

## FACTS AND BACKGROUND

### A.

McAtee drove his rental car, a silver Chevrolet Malibu, to the border patrol checkpoint in Falfurrias, Texas at some time between midnight and 3:00 a.m. on July 10, 2011. He had rented the car from a Dollar-Rent-A-Car at 7:39 p.m. on July 9, 2011, and had been in possession of the vehicle for less than a day when he stopped at the checkpoint. McAtee stopped at the primary inspection lane, where Border Patrol Agent Ramon Paz ("Paz") conducted a standard immigration inspection with McAtee. In response to Paz's questions, McAtee stated that he was a U.S. citizen and was traveling to Mineral Wells, Texas to visit family. While the interview was ongoing, Border Patrol Agent Jose Padron ("Padron"), a canine handler, walked his drug-detection dog by the exterior of the car for a "non-intrusive air sniff." The dog alerted to the presence of drugs in the car. McAtee then agreed to a further inspection of his car. He drove it over to the secondary inspection area, exited the vehicle, and closed the car door. Paz continued to question McAtee. McAtee informed Paz that the car was a rental car, that he rented it because his own car broke down, and that he had been driving it for only one day. Paz later testified that McAtee did not act nervous and was cooperative.

While the interview was ongoing, Padron and his dog walked around the car. The dog alerted to the presence of drugs at the driver's side door. Padron opened the door and saw a red plastic bag, about two to three inches long and

one inch wide, on the floor of the car in front of the driver's seat. Padron testified that the bag was plainly visible as soon as he opened the car door. He further testified that he did not have to look under the seat and that the bag was on the floor and not under the pedals. Padron opened the bag and found a crystal-like substance inside. McAtee was then placed under arrest. After McAtee's arrest, Border Patrol Agent Luis Lopez ("Lopez") conducted an inventory of the car. He found numerous personal items belonging to McAtee, including two green duffle bags with clothing and toiletries, pillows, blankets, a hearing aid, and an empty aquarium. In addition, Lopez found a pipe in a plastic black case next to McAtee's spare hearing aid in the vehicle's center console. Border patrol agents also conducted a back-scatter X-ray of the vehicle. They did not find any hidden compartments or additional contraband.

Criselda Gracia Pendleton ("Pendleton"), a Kingsville Sheriff's Office investigator assigned to the Drug Enforcement Agency ("DEA") arrived at the checkpoint at 3:00 a.m. She took custody of McAtee's personal items and interviewed McAtee. McAtee informed her that he was going to Mineral Wells for a scheduled appointment at 6:00 a.m. on July 11, 2011. He also told her that no one else had access to or had driven the car since he rented it. The substance in the red bag was sent to the DEA laboratory in Dallas, Texas. Ted Chapman ("Chapman"), a forensic chemist with the DEA, tested the substance and concluded that it was methamphetamine that weighed 0.52 of a gram. The pipe was not tested for drug residue. There were no fingerprints on either the red bag or the pipe.

**B.**

Under a superceding indictment, McAtee was charged with a single count of simple possession of a mixture or substance containing approximately 0.52 of a gram of methamphetamine, in violation of 21 U.S.C. § 844(a). Before trial, the Government filed an Information of Prior Convictions, submitted pursuant to 21

U.S.C. § 851, asserting that McAtee had two prior convictions for simple possession of marijuana in an amount less than or equal to two ounces. At trial, the Government presented five witnesses: Paz, Padron, Lopez, Chapman, and Pendleton. Chapman was tendered as an expert witness. The Government also requested that several exhibits be entered into evidence, including *inter alia* a photograph of the pipe in the center console and the pipe itself. McAtee's attorney objected to both. The district court overruled the objections and allowed the evidence to be admitted. After the close of the Government's case, McAtee's attorney moved for a judgment of acquittal. The district court denied the motion. McAtee did not present any defense witnesses or evidence. The jury deliberated for two hours on the first day of deliberation and throughout most of the second day. On the morning of the second day of deliberation, the district court gave the jury an *Allen* charge with no objections from either party. At 2:00 p.m. on the second day of deliberations, the jury returned with a conviction of guilty.

Simple possession of a controlled substance is presumptively a misdemeanor pursuant to 21 U.S.C. § 844(a). It qualifies as a felony offense where the defendant has at least one prior drug offense conviction. 21 U.S.C. § 844(a); 18 U.S.C. § 3559(a). Pursuant to § 844(a), McAtee was subject to a term of imprisonment of at least ninety days but not more than three years because he had two such prior convictions. The PSR calculated a guideline range for imprisonment of three to six months, and concluded that the minimum term of imprisonment was three months and the maximum term was three years due to his two prior simple possession convictions.

McAtee denied that he was the person convicted in the two cases identified in the Information of Prior Convictions. At the sentencing hearing, the Government produced evidence of the convictions, included a certified copy of the January 25, 1994 judgment against Karol Ray McAtee and a certified copy of the September 10, 1996 judgment against Karol Ray McAtee. Both convictions were

No. 12-40065

for possession of two ounces or less of marijuana. Each judgment copy contained a copy of the defendant's fingerprints, though only the prints on the 1996 judgment were legible. The Government also produced a fingerprint card taken by Pendleton for the purpose of comparison. Finally, the Government produced a *Miranda* card that Pendleton read to McAtee during her initial interview with McAtee and which McAtee had signed. Lieutenant Fred Flores ("Flores"), head of the Nueces County Sheriff's Department Identification Crime Records Division, testified that the fingerprints on the fingerprint card matched the fingerprints on the 1996 judgment, but that the fingerprints on the 1994 judgment were not sufficiently clear to allow comparison. Flores further testified that the defendant's signature on the 1996 card visually matched McAtee's signature on the *Miranda* card. The district court found that McAtee was the defendant convicted in both judgments.

At the time of sentencing, McAtee had been imprisoned for six months and eight days. The district court sentenced him to time served, resulting in an upward variance from the guideline range. The district court did not sentence McAtee to supervised release, but did require McAtee to pay a special assessment of $100. McAtee now appeals.

## ANALYSIS

### A.

We review *de novo* the district court's denial of McAtee's motion for judgment of acquittal. *United States v. Ragsdale*, 426 F.3d 765, 770 (5th Cir. 2005). We "will affirm the jury's verdict if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt, viewing the evidence in the light most favorable to the jury and drawing all reasonable inferences from the evidence to support the verdict." *Id.* Our standard is "highly deferential to the verdict." *United States v.*

No. 12-40065

*Moreno-Gonzalez*, 662 F.3d 369, 372 (5th Cir. 2011) (quoting *United States v. Harris*, 293 F.3d 863, 869 (5th Cir. 2002) (internal quotation marks omitted)).

Under § 844(a), it is "unlawful for any person knowingly or intentionally to possess a controlled substance." The elements of the charge are: "1) knowing, 2) possession, 3) of a controlled substance." *United States v. Steen*, 55 F.3d 1022, 1031 (5th Cir. 1995). On appeal, McAtee contends that the Government failed to prove knowing possession beyond a reasonable doubt.

Possession of a controlled substance may be actual or constructive. *See United States v. Ramos-Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008). We have "defined constructive possession as ownership, dominion, or control over the contraband, or as dominion over the premises in which the contraband is found." *United States v. Hinojosa*, 349 F.3d 200, 203 (5th Cir. 2003). Where contraband is found in a vehicle, knowledge may sometimes be inferred from control of the vehicle. *United States v. Mendoza*, 522 F.3d 482, 489 (5th Cir. 2008). Specifically, "[c]ontrol will suffice on its own if the drugs are clearly visible or readily accessible." *United States v. Garza*, 990 F.2d 171, 174 n.10 (5th Cir. 1993). Where the contraband is concealed, then "other circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge" is required to prove knowledge. *Mendoza*, 522 F.3d at 490 (internal quotation marks omitted) (citations omitted); *see also United States v. Pennington*, 20 F.3d 593, 598 (5th Cir. 1994).

Here, the methamphetamine was not concealed. It was in a small, brightly colored red baggie on the driver's side floorboard, in front of the seat. Padron testified that it was clearly visible to him as soon as he opened the driver's side door. The baggie was not under the seat or the pedals, but rather on the floor in front of the driver's seat. Because the drugs were "clearly visible or readily accessible," a jury may infer that the elements knowledge and constructive possession have been proved without the Government having to present

6

additional circumstantial evidence of guilty knowledge. *See id.* The Government entered into evidence the Dollar Rent-A-Car agreement that McAtee signed. Pendleton testified that she asked McAtee if anyone else had access to the car since he rented it and he confirmed that no one else had driven it since he had rented it. Although a surveillance camera at the rental location showed that another man was with McAtee when he rented the car, it did not show that the man ever entered the vehicle. McAtee has never asserted that anyone else had access to his rental car after he took possession of it. Chapman, a forensic chemist, also testified that he tested the substance inside the red baggie and found that it was methamphetamine.

On appeal, McAtee's counsel contends that the methamphetamine might have been placed in the car before McAtee rented it. He did not present any evidence in support of this theory. Lopez and Pendleton testified that numerous personal items belonging to McAtee were found in the car. McAtee did not present evidence or elicit testimony tending to show that any item in the car belonged to someone other than McAtee. In the present case, the Government presented sufficient evidence of knowing constructive possession to allow a rational trier of fact to find that there was proof beyond a reasonable doubt that McAtee knowingly possessed 0.52 of a gram of methamphetamine. We therefore affirm the jury verdict and the district court's denial of McAtee's motion for acquittal.

**B.**

McAtee also contends that the district court erred in admitting evidence of the pipe found next to his hearing aid in the center console of his rental car. The district court admitted into evidence, over McAtee's objections, two exhibits pertaining to the pipe: the pipe itself and a photograph of the pipe in the console of McAtee's rental car. We review the district court's evidentiary rulings for an abuse of discretion, subject to harmless error analysis. *United States v. Jackson*,

636 F.3d 687, 692 (5th Cir. 2011). "A trial court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Id.* (quoting *United States v. Yanez Sosa*, 513 F.3d 194, 200 (5th Cir. 2008) (internal quotation marks omitted)).

"The proper test to apply in deciding the admissibility of . . . 'other acts' evidence depends upon whether the evidence in question is 'intrinsic' or 'extrinsic' evidence." *See United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990). The pipe and photograph are not intrinsic evidence. The pipe was not found next to the methamphetamine, but rather in the center console of the vehicle. No evidence was adduced to show that it contained traces of methamphetamine or that its intended purpose involved methamphetamine. On cross-examination, Lopez testified that the pipe contained a green, leafy residue that was never tested. The Government was able to present all its evidence of McAtee's methamphetamine possession without presenting evidence of the pipe. Therefore, the pipe-related evidence was not "inextricably intertwined" with the evidence of methamphetamine possession. *United States v. Rice*, 607 F.3d 133, 141 (5th Cir. 2010) (citations omitted) (internal quotation marks omitted). It also was not "part of a single criminal episode or . . . necessary preliminaries to the crime charged" and was not necessary to "complete the story of the crime by proving the immediate context of events in time and place." *Id.* (citations omitted) (internal quotation marks omitted). The pipe-related evidence therefore was extrinsic, not intrinsic.

Extrinsic evidence is governed by Federal Rule of Evidence 404(b). Pursuant to the Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

No. 12-40065

Extrinsic evidence must satisfy a two-step admissibility test: "First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403." *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc); *see also United States v. Grimes*, 244 F.3d 375, 384 (5th Cir. 2001). We have explained that

> [i]n weighing the probative value and unfair prejudice, this court must make a commonsense assessment of all the circumstances surrounding the extrinsic offense. Probative value must be determined with regard to the extent to which the defendant's unlawful intent is established by other evidence, stipulation, or inference. Other factors to be considered include the overall similarity of the extrinsic and charged offenses, and the amount of time that separates the extrinsic and charged offenses as well as any limiting instructions.

*United States v. Cockrell*, 587 F.3d 674, 678 (5th Cir. 2009) (citations omitted) (internal quotation marks omitted). Here, the pipe-related evidence had very low probative value. The Government never tested the green residue on the pipe and presented no evidence at trial that the pipe had been used for anything unlawful. Even if the Government had presented evidence that the pipe contained marijuana residue, the pipe would have made it only "slightly more probable that he knew" he possessed methamphetamine. *See United States v. Williams*, 957 F.2d 1238, 1244 (5th Cir. 1992). The fact that the pipe was never tested significantly lowered the already slight probative value of the pipe-related evidence.

The prejudicial effect substantially outweighed the pipe evidence's slight probative value. The Government elicited testimony regarding the presence of the pipe in McAtee's vehicle without also eliciting testimony that the pipe was never tested for drugs. The Government also stated on rebuttal closing argument

that the pipe was one of many coincidences in the case that "so to speak, equal[ed] guilty." That the pipe was not tested for drugs and the residue on the pipe did not resemble methamphetamine came in only on cross-examination by the defense. Without the defense's cross-examination, the jury might have assumed that the pipe was used for illegal purposes, and "the danger of unfair prejudice from admission of the drug-related evidence . . . is great, because a drug offense is the kind of crime for which the jury may feel the defendant should be punished, regardless of his guilt as to the charged offense." *United States v. Sumlin*, 489 F.3d 683, 691 (5th Cir. 2007) (citations omitted) (internal quotation marks omitted). Therefore, the court erred in admitting evidence of the pipe at trial.

However, the district court's error was ultimately harmless. An error is harmless when it does not affect the defendant's substantial rights. *See Sumlin*, 489 F.3d at 691. "To determine whether an error affects the substantial rights of the complaining party, this court has explained: '[U]nless there is a reasonable possibility that the improperly admitted evidence contributed to the conviction, reversal is not required." *Id.* (quoting *Williams*, 957 F.2d at 1242). "When the other evidence of guilt is overwhelming, and the error would not have substantially influenced the jury's verdict, the error is harmless." *United States v. Hawley*, 516 F.3d 264, 268 (5th Cir. 2008); *see also United States v. McCall*, 553 F.3d 821, 829 (5th Cir. 2008) (concluding that any error in admitting evidence of prior drug dealings was harmless because there was "ample evidence of his guilt"). In the present case, the Government presented evidence that the methamphetamine was in clear view on the driver's side floorboard, that McAtee's possessions were in the car, and that he was the only person who had driven or accessed the car since it was rented. The Government also presented evidence that McAtee's possessions, including his clothes, were spread throughout the car. The evidence was more than sufficient to prove constructive

No. 12-40065

possession and knowledge. The district court's error in admitting the pipe evidence was therefore harmless.

## C.

McAtee also contends that the enhancement provision of 21 U.S.C. § 844 is unconstitutional under the rule of *Apprendi*, 530 U.S. 466, because it elevates the offense from a misdemeanor to a felony. Because McAtee did not raise this objection in district court, we review for plain error. *See United States v. Davis*, 487 F.3d 282, 287-88 (5th Cir. 2007). To establish plain error, McAtee must demonstrate (1) that there was an error (2) that was clear or obvious, and (3) which affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009). Once these three requirements have been met, we have the discretion to remedy the error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (alteration in original) (citations omitted) (internal quotation marks omitted).

An offense qualifies as a felony where the maximum term of imprisonment authorized exceeds one year. 18 U.S.C. § 3559(a). Pursuant to § 844(a), a person convicted of simple possession of a controlled substance commits a misdemeanor, punishable by not more than one year's imprisonment. Where a defendant commits the offense for which he is charged after committing at least one prior conviction for any drug, narcotic, or chemical offense, the maximum penalty increases to two years for one prior offense and to three years for two prior offenses. 18 U.S.C. § 844(a). Therefore, a conviction for simple possession of methamphetamine by someone who committed a prior drug offense qualifies as a felony. The prior convictions need not be charged in a grand jury indictment or proved to a jury. *See* 21 U.S.C. § 851. They need only be identified in an "information" document filed in the court by the Government and which states in writing the previous convictions on which the Government intends to rely. *Id.* Where, as in the present case, the defendant denies the prior convictions, the

court must hold a hearing to determine if the defendant may be held liable for the increased punishment, but the hearing "shall be before the court without a jury and either party may introduce evidence." *Id.* § 851(c)(1). The United States Attorney bears the burden of proof beyond a reasonable doubt as to any issue of fact. *Id.* In the present case, the district court held a hearing after McAtee denied that he was the person convicted of the two drug offenses listed in the Government's Information of Prior Convictions, considered the evidence presented at the hearing, and found that the Government had met its burden in proving that McAtee was the person who had been convicted of the two prior drug offenses.

McAtee does not challenge the district court's finding. Rather, he argues that §§ 844 and 851 are unconstitutional because they do not require the fact of the prior convictions to be proved beyond a reasonable doubt by the jury where the prior convictions transform a misdemeanor offense into a felony offense. In *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the Supreme Court held that a prior conviction is not an offense element that needs to be proved beyond reasonable doubt, even where it raises the statutory maximum penalty from that of the base felony offense. In *Apprendi*, the Supreme Court reaffirmed *Almendarez-Torres* by carving out an exception for prior convictions in its otherwise blanket rule that "[o]*ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 530 U.S. at 490 (emphasis added).

McAtee could cite no post-*Apprendi* case in which this Court held that the prior-conviction exception does not apply where a prior conviction transforms the charged offense from a misdemeanor into a felony.[1] "We ordinarily do not find

---

[1] McAtee cited our opinion in *United States v. Diesch*, 20 F.3d 139, 144 (5th Cir. 1994), a pre-*Apprendi* decision that concluded that the identity of a controlled substance needed to

plain error when we have not previously addressed an issue." *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009) (citation omitted) (internal quotation marks omitted). Moreover, the language of *Apprendi* is unequivocal in creating a prior-conviction exception to the rule that otherwise requires a fact that increases the statutory maximum to be proved to a jury beyond reasonable doubt. *See Apprendi*, 530 U.S. at 490. Therefore, McAtee can show no error that is clear or obvious in his conviction or sentence.

## CONCLUSION

The district court's admission of evidence related to the untested pipe found in McAtee's rental car was harmless error because there was sufficient other evidence upon which a rational finder of fact could base its conclusion that McAtee knowingly possessed 0.52 of a gram of methamphetamine. McAtee did not show, on plain error review, that §§ 844(a) and 851 are unconstitutional under *Apprendi*. We therefore AFFIRM McAtee's conviction and sentence.

---

be alleged in an indictment and proved to a jury beyond reasonable doubt, in part because the identity of the controlled substance transformed the simple possession offense from a misdemeanor into a felony. In reaching this outcome, we explained that "where an offense that is otherwise a misdemeanor becomes a felony if committed in a certain way or with certain consequences, the particular attribute that makes it a felony is an element of the offense, which must be alleged in the indictment and proved at trial." *Id.* (citing *Packnett v. United States*, 503 F.2d 949, 950 (5th Cir. 1974), *Theriault v. United States*, 434 F.2d 212, 214 (5th Cir. 1970), *Cartwright v. United States*, 146 F.2d 133, 135 (5th Cir. 1944), *United States v. Scanzello*, 832 F.2d 18, 23 (3d Cir. 1987), *United States v. Alberico*, 604 F.2d 1215, 1231 (10th Cir. 1979)). McAtee also cited a Ninth Circuit opinion, which concluded that where a prior offense transforms the defendant's current offense from a misdemeanor to a felony, *Almendarez-Torres* does not apply. *United States v. Rodriguez-Gonzales*, 358 F.3d 1156 (9th Cir. 2004). However, *Diesch* was decided before the Supreme Court in *Apprendi* unequivocally carved out the prior-conviction exception, and under plain error review, *Rodriguez-Gonzalez* alone cannot establish error that is clear or obvious. *See United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009) (noting that there ordinarily can be no plain error where no Fifth Circuit precedent has addressed the issue). These cases therefore cannot support McAtee's assertion that the district court plainly erred in applying the prior-conviction enhancement to his sentence.