**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joaquin ARAMBULA–ALVARADO,
Defendant-Appellant.**

**No. 81–1476.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 8, 1982.

Decided May 13, 1982.

Rehearing Denied July 9, 1982.

Larry P. Zoglin, Asst. U. S. Atty., argued, M. James Lorenz, U. S. Atty., Larry P. Zoglin, Asst. U. S. Atty., on the brief, San Diego, Cal., for defendant-appellant.

George C. Boisseau, Asst. Federal Public Defender, San Diego, Cal., for plaintiff-appellee.

Before CHAMBERS, KENNEDY and SCHROEDER, Circuit Judges.

CHAMBERS, Circuit Judge:

Arambula-Alvarado was convicted of two counts of violation of the immigration laws. He was convicted of illegal entry (8 U.S.C. § 1325) and sentenced as a felon under that statute, and he was convicted of having reentered this country after having been deported (8 U.S.C. § 1326).

There was more than sufficient evidence to support the conviction of violation of Section 1325. There is, however, merit in appellant's contention that the evidence did not support the imposition of a felony sentence. That statute provides that "for a subsequent commission" of violation of Section 1325, the defendant shall be guilty of a felony and sentenced accordingly. Title 8, United States Code, Section 1325, provides:

> Any alien who (1) enters the United States at any time or place other than as designated by immigration officers, or (2) eludes examination or inspection by immigration officers, or (3) obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact, shall, for the first commission of any such offenses, be guilty of a misdemeanor and upon conviction thereof be punished by imprisonment for not more than six months, or by a fine of not more than $500, or by both, and for a subsequent commission of any such offenses shall be guilty of a felony and upon conviction thereof be punished by imprisonment for not more than two years, or by a fine of not more than $1,000, or both.

The difficulty is in the use of the word "commission." In this case, the government did not prove there was a prior "conviction." We read the statute narrowly, in favor of the accused, as we must do. *United States v. Laub*, 385 U.S. 475, 87 S.Ct. 574, 17 L.Ed.2d 526 (1966); *United States v. Patterson*, 664 F.2d 1346 (9th Cir. 1982). Absent proof of a former "conviction," the appellant should not have been given a felony sentence.

Appellant also attacks his conviction of violation of Section 1326. He contends that it presumes a previous deportation and, while he admits being deported in 1979, he now seeks to attack the procedure by which that deportation was effected. He argues that he was improperly denied the opportunity to speak to a Mexican consul, in accordance with 8 C.F.R. § 242.2(e). It is established in this circuit that prior deportations are subject to collateral attack

for violation of INS regulations. *United States v. Rangel-Gonzales*, 617 F.2d 529 (9th Cir. 1980). But it was the burden of the appellant to demonstrate that the violation of this regulation prejudiced him in some way relating to the interests protected by 8 C.F.R. § 242.2(e), i.e. "obtaining assistance in preparing a defense to the deportation." 617 F.2d at 530. The district judge held that there had been no showing of prejudice and our review of the record provided to us by the appellant does not persuade us that there was reversible error in this conclusion.

The judgment of conviction as to both counts is affirmed. The case is remanded to permit resentencing as to Count I, consistent with this Opinion.