**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Juan ARRIAGA–SEGURA,
Defendant-Appellant.**

**No. 84–1031.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 1984.[1]

Decided Oct. 2, 1984.

Jon Rick Cooper, Asst. U.S. Atty., Tucson, Ariz., for plaintiff-appellee.

Frank R. Zapata, Tucson, Ariz., for defendant-appellant.

---

1. The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App.P. 34(a) and 9th Cir.R. 3(a).

Before CHOY, PREGERSON, and CANBY, Circuit Judges.

CHOY, Circuit Judge:

Appellant Juan Arriaga-Segura was apprehended when the car he was riding in was stopped by two border patrol agents as it was driving north from the Mexican border. On November 2, 1983, Arriaga-Segura was charged with felony illegal entry into the United States in violation of 8 U.S.C. § 1325. At his bench trial, the United States District Court for the District of Arizona found appellant guilty as charged, and later sentenced him to imprisonment for a period of two years. The court suspended the sentence on the condition that the appellant serve 179 days in a jail-type institution and that he serve a five-year probationary period. We affirm.

■■■ Arriaga-Segura contends that the evidence was insufficient to support his conviction for felony illegal entry into the United States. This court must consider the evidence in the light most favorable to the Government and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). This court must draw all reasonable inferences from the evidence in reviewing the sufficiency of the evidence. *See United States v. Cusino*, 694 F.2d 185, 187 (9th Cir.1982), *cert. denied*, 461 U.S. 932, 103 S.Ct. 2096, 77 L.Ed. 2d 305 (1983).

To establish felony illegal entry, the Government must show that the defendant is an alien who entered the United States at a nondesignated place and had been previously convicted of illegal entry. 8 U.S.C. § 1325.

■■ The Government clearly established at trial that Arriaga-Segura is an alien. Two border patrol agents testified that the appellant admitted his Mexican citizenship at the scene of the stop. The district court had suppressed the appellant's later statements made at the border patrol office after he had invoked his *Miranda* rights.

The court, however, held that there was founded suspicion to justify the stop and thus did not suppress Arriaga-Segura's first admission of alienage.

Arriaga-Segura contends next that the Government offered no proof concerning the time or place of his entry into the United States. We do not find appellant's contention persuasive. The circumstantial evidence was sufficient to establish Arriaga-Segura's entry at a nondesignated place.

On October 31, 1983, border patrol agents stationed near a designated border entry point in Lukeville, Arizona followed a suspicious light-colored Ford. The agents then told two other border patrol agents, Scimone and Taylor, to watch for the car. At about 8:30 p.m., Scimone and Taylor saw a light-colored Ford going over 100 miles per hour on Federal Route 1, a few miles north of the Menegers Dam area. Menegers is within yards of the Mexican border and is not a designated entry point. The Ford was travelling north towards a remote area restricted to members of the Papago Indian Tribe and known for alien smuggling. Agents Scimone and Taylor were familiar with the cars in the area and did not recognize the Ford as belonging to a local resident. They followed the Ford for ten to fifteen miles as it proceeded north on Federal Route 1 and then west on Highway 86.

The agents stopped the car and questioned the driver, a female passenger, and Arriaga-Segura. Appellant had no entry documents; both he and the other passenger claimed that they had left their documents in a truck that had returned to Mexico. Arriaga-Segura also gave a false name.

At trial, Arriaga-Segura suggested that he entered the United States at Menegers and was stopped while on his way to present himself for inspection at Lukeville, the closest designated entry point. Although Lukeville is twelve miles west of Menegers, the two places are separated by mountains. To reach Lukeville from Menegers requires travelling north on Federal

Highway 1, west on Route 86, and then south on Highway 85, a trip of about 60 miles. The court found Arriaga-Segura's theory incredible. Drawing all reasonable inferences, we conclude that the evidence was sufficient to establish entry at other than a designated entry point.

Finally, appellant argues that the Government failed to prove Arriaga-Segura's prior conviction beyond a reasonable doubt. Appellant contends that the Government must submit a certified copy of the prior conviction. At trial, however, the Government did not present a certified copy of Arriaga-Segura's prior conviction. Instead, it offered a criminal complaint and the testimony of a border patrol agent, who testified that: 1) the criminal complaint charged a Juan Arriaga-Portillo with violating 8 U.S.C. § 1325; 2) he signed the complaint before a magistrate on February 4, 1981; 3) he was present in the courtroom when the complaint was read to the person named in the complaint; and 4) that person pleaded guilty. The agent then made an in-court identification of appellant as the person who pleaded guilty.

■ The Government clearly must prove beyond a reasonable doubt more than "a subsequent commission of any such offenses;" it must prove an actual conviction. *See United States v. Arambula-Alvarado,* 677 F.2d 51, 52 (9th Cir.1982). Moreover, the most reliable evidence to prove a conviction is the presentation at trial of a certified copy of the prior conviction. The Government has followed this procedure in numerous cases. *See United States v. Casimiro-Benitez,* 533 F.2d 1121, 1124–25 (9th Cir.), *cert. denied,* 429 U.S. 926, 97 S.Ct. 329, 50 L.Ed.2d 295 (1976); *United States v. Vario,* 484 F.2d 1052, 1054–55 (2d Cir.1973), *cert. denied,* 414 U.S. 1129, 94 S.Ct. 867, 38 L.Ed.2d 753 (1974); *Reed v. Beto,* 343 F.2d 723, 724 (5th Cir.1965), *aff'd sub nom. Spencer v. Texas,* 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967).

■ We nevertheless refuse to hold that a certified copy of a prior conviction is the only evidence sufficient to prove a prior conviction. *See Mottram v. Murch,* 330 F.Supp. 51, 62 (D.Me.1971), *rev'd,* 458 F.2d 626 (1st Cir.), *rev'd,* 409 U.S. 41, 93 S.Ct. 71, 34 L.Ed.2d 194 (1972); *Williams v. Page,* 289 F.Supp. 661, 663 (E.D.Okla.1968). In this case, we cannot say that the presentation of the criminal complaint and the testimony of the border patrol agent at the trial[2] was not sufficient evidence for any rational trier of fact to find a previous conviction beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. at 319, 99 S.Ct. at 2789. We therefore AFFIRM.

---

**2.** The border patrol agent testified that appellant pleaded guilty. A guilty plea constitutes an admission of all facts necessary for conviction.

*United States v. Burke,* 694 F.2d 632, 634 (9th Cir.1982).