FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 10 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50091 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-03759-BEN-1 |
| v. | |
| ISIDRO ROMERO-CORONA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted February 17, 2012
Pasadena, California

Before: FARRIS and W. FLETCHER, Circuit Judges, and KORMAN, Senior
District Judge.**

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Edward R. Korman, Senior District Judge for the U.S.
District Court for Eastern New York, sitting by designation.

Isidro Romero-Corona ("Romero") was convicted of felony improper entry by an alien. He argues that the district court erred in denying his motion for acquittal because (1) the government should have proved prior <u>commission</u> of the offense rather than prior <u>conviction</u> of the offense; (2) of the inconsistent use of the terms "commission" and "conviction" in the indictment, preliminary jury instructions, final jury instructions, and counsels' arguments; and (3) the court improperly admitted the misdemeanor judgment of conviction. Romero also argues that the district court committed reversible error in refusing to give the instruction that conviction is not proof of prior commission. Finally, Romero argues that the district court erred in admitting (1) the misdemeanor judgment, (2) a warrant of removal and related testimony about Romero's removal, (3) references in witness testimony about redactions of sensitive law enforcement information, and (4) admission of a fingerprint card with unredacted references to charges of illegal entry, illegal re-entry after deport, and removal proceedings. We affirm.

We review *de novo* a denial of a motion for acquittal. *United States v. Inzunza*, 638 F.3d 1006, 1013 (9th Cir. 2011). Although the improper entry statute provides that "subsequent commission" of the offense is a felony, 8 U.S.C. § 1325(a), we have interpreted the statute to require "proof of a former 'conviction.'" *United States v. Arambula-Alvarado*, 677 F.2d 51, 52 (9th Cir. 1982); *United*

2

*States v. Rodriguez-Gonzales*, 358 F.3d 1156, 1160 (9th Cir. 2004). Moreover, we have held that "the most reliable evidence" of a prior conviction under 8 U.S.C. § 1325 is "a certified copy of the prior conviction." *United States v. Arriaga-Segura,* 743 F.2d 1434, 1436 (9th Cir. 1984). Our holding in *United States v. Nguyen*, 465 F.3d 1128, 1132 (9th Cir. 2006), that the admission of misdemeanor convictions under Federal Rule of Evidence 803(8) was restricted to the uses approved in *United States v. Loera*, 923 F.2d 725 (9th Cir. 1991), and *United States v. Wilson*, 690 F.2d 1267 (9th Cir. 1982), also does not apply to the uses we previously approved in the 8 U.S.C. § 1325 line of cases. *See United States v. Gay*, 967 F.2d 322, 327 (9th Cir. 1992).

As this circuit requires proof of prior conviction for a § 1325 offense and has held that a misdemeanor judgment is the best proof of conviction, the district court did not err in admitting the certified copy of prior conviction into evidence. Given this and other evidence offered by the government, the district court's erroneous instruction that the element was "prior commission" rather than "prior conviction" was harmless. *See United States v. Thongsy*, 577 F.3d 1036, 1043 (9th Cir. 2009). A rational jury could have found Romero guilty beyond a reasonable doubt. *Inzunza*, 638 F.3d at 1013.

We review *de novo* a district court's "rejection of a defendant's jury instruction based on a question of law." *United States v. Leyva*, 282 F.3d 623, 625 (9th Cir. 2002). We have interpreted § 1325 to require proof of "prior conviction" rather than "prior commission." The district court did not err in rejecting Romero's proposed instruction.

We review evidentiary rulings for abuse of discretion. *United States v. Beltran*, 165 F.3d 1266, 1269 (9th Cir. 1999). The misdemeanor judgment of conviction was properly admitted as proof of prior conviction. Moreover, the misdemeanor conviction, the warrant of removal and related testimony, and the fingerprint card were not offered to prove Romero's character for the purpose of showing that he acted in accordance with that character. Rather, they were offered to prove an element of the crime.

**AFFIRMED**.