**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | No. 11-10397 |
| | D.C. No. 2:10-cr-00322-JAT-2 |
| v. | |
| JORGE DE JESUS-CASTENEDA, *Defendant-Appellant*. | OPINION |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted
October 18, 2012—San Francisco, California

Filed January 30, 2013

Before: J. Clifford Wallace and Carlos T. Bea,
Circuit Judges, and Jane A. Restani, Judge.[*]

Opinion by Judge Bea

---

   [*] The Honorable Jane A. Restani, Judge for the U.S. Court of International Trade, sitting by designation.

## SUMMARY[**]

### Criminal Law

Affirming a conviction, the panel held that a confidential informant's testimony at trial in a wig-and-mustache disguise did not violate the Confrontation Clause, where the disguise was necessary to further the witness's safety and the reliability of his testimony was otherwise assured.

The panel did not decide whether the testimony in disguise violated the defendant's due process rights because any such error was harmless as it is clear beyond a reasonable doubt that even without the possibly prejudicial effect of the disguise, the jury would have delivered a guilty verdict.

### COUNSEL

Josh Patrick Parecki, Assistant United States Attorney, Phoenix, Arizona, for Plaintiff-Appellee.

Celia M. Rumann, Phoenix, Arizona, for Defendant-Appellant.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

BEA, Circuit Judge:

Every actor worth his salt understands that his success depends on his ability to convey emotions credibly through his facial expressions and demeanor. Just as an audience assesses a character's vulnerability and emotions by watching the actor's demeanor, so too does a jury assess a witness's credibility and emotions by examining the witness's demeanor and eyes.[1] Theatrical musings aside, we have occasion here to address an issue of first impression in this circuit, namely whether a witness's testimony in disguise at trial violates the Confrontation Clause of the Sixth Amendment to the United States Constitution. Appellant Jorge de Jesus-Casteneda appeals from his judgment of conviction for possession with intent to distribute methamphetamine under 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii). The evidence at trial showed that Appellant drove a car, for a fee, to an undercover warehouse and delivered a bag containing ten pounds of methamphetamine from that car to the warehouse, where undercover agents were conducting a drug-weapons deal with various drug trafficking suspects. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.[2]

---

[1] *See NLRB v. Dinion Coil Co.*, 201 F.2d 484, 487 (2d Cir. 1952) ("[O]ur courts regard [demeanor evidence] nevertheless as an excellent clue to the trustworthiness of testimony."); *Churchill v. Waters*, 977 F.2d 1114, 1124 (7th Cir. 1992) (mentioning "eye contact" among factors that aid the fact-finder in assessing a witness's credibility), *vacated on other grounds*, 511 U.S. 661 (1994).

[2] The remaining issues Appellant raises on appeal are addressed in the memorandum disposition filed concurrently with this opinion.

Before the confidential informant ("CI") testified at trial on the government's behalf, the government asked the court if the CI could wear a wig, sunglasses, and mustache during his testimony to "help disguise some of his features" due to the "inherent dangers involved in this particular case." The government said the CI was involved in investigations with the "dangerous" Sinaloa Cartel, and that a disguise would "accommodate the public nature of this courtroom and yet hopefully protect [his] identity." Defense counsel objected, contending the CI's sunglasses might conceal facial expressions going towards his credibility, and suggesting the court instead "mak[e] sure he comes in through a secure location, secure door, and seal the courtroom." The court ruled this was "not even a close question," the reason for the disguise was "obvious," and that when weighed against the "risks that have been presented," the disguise was a "very small impingement . . . on the ability of the [jury] to judge [the CI's] credibility." The CI was ultimately permitted to testify while wearing a fake mustache and wig but no sunglasses; his eyes remained visible. On direct examination, the CI stated he was testifying in a fake mustache and wig. Defense counsel did not ask for a curative instruction which would inform the jury that they should not draw any negative inferences against the defendant from the disguise.

Appellant contends this disguise violated the Confrontation Clause and denied him due process. The appropriate standard of review for the district court's decision to allow the disguise is abuse of discretion. *Cf. United States v. Shryock*, 342 F.3d 948, 974 (9th Cir. 2003) (holding that a district court's decision to impose security measures is reviewed for abuse of discretion); *Morgan v. Bunnell*, 24 F.3d 49, 51 (9th Cir. 1994) (reviewing for abuse of discretion a district court's decision to ensure courtroom safety by placing

defendant in shackles). We hold the court did not abuse its discretion, as there was no violation of the Confrontation Clause and any due process violation was harmless.

The Sixth Amendment grants a criminal defendant the right "to be confronted with the witnesses against him." U.S. Const. amend. VI. A criminal defendant's right to cross-examination includes the right to face physically those who testify against him and to ensure that the witness gives his statement before the jury so the jury may observe the witness's demeanor. *Coy v. Iowa*, 487 U.S. 1012, 1017 (1988); *Maryland v. Craig*, 497 U.S. 836, 851 (1990). There is no Ninth Circuit or Supreme Court authority addressing whether a witness's testimony in disguise violates the Confrontation Clause. However, we are assisted by the rule various state courts have derived from Supreme Court precedent which addresses the constitutionality of analogous arrangements which preclude the normal face-to-face confrontation that occurs when a witness testifies in the unobstructed view of the defendant. *See Craig*, 497 U.S. at 850 (holding that "the face-to-face confrontation requirement is not absolute" and the Confrontation Clause "may be satisfied absent a physical, face-to-face confrontation at trial only where denial of such confrontation is necessary to further an important public policy and only where the reliability of the testimony is otherwise assured.").[3]

---

[3] In *Craig*, the Supreme Court considered whether allowing child witnesses in a child abuse trial to testify via a one-way closed circuit television violated the Confrontation Clause. *Id.* at 840. The procedure prevented the witnesses from seeing the defendant but permitted the judge, jury, and defendant to see their demeanor. *Id.* at 851. The Court upheld the constitutionality of the procedure, holding that face-to-face confrontation is not an "indispensable" element of the Confrontation Clause. *Id.* at 849, 857. The primary purpose of the Confrontation Clause

In *Romero v. State*, 173 S.W.3d 502 (Tex. Crim. App. 2005), the state's witness in a criminal trial was allowed to testify wearing dark sunglasses, a baseball cap pulled down over his forehead, and a jacket with an upturned collar. *Id.* at 503. His mouth, jaw, and the lower half of his nose were obscured, and almost all of his face was hidden from view. *Id.* He wanted the disguise because he was fearful of the defendant's capacity for retaliation. *Id.* The Texas Court of Appeals reversed the defendant's conviction, and the Texas Court of Criminal Appeals affirmed the decision of the Court of Appeals, holding that trial courts should apply the Supreme Court's test from *Craig* to decide whether witness testimony in disguise violates the Confrontation Clause. *Id.* at 504–05. Namely, courts should consider whether the disguise furthers an important state interest and whether the reliability of the evidence could be otherwise assured. *Id.* at 505 (citing *Craig*, 497 U.S. at 850). Determining "[w]hether the reliability of the testimony is otherwise assured turns upon the extent to which the proceedings respect the four elements of confrontation: physical presence, oath, cross-examination, and observation of demeanor by the trier of fact." *Id.* (citing *Craig*, 497 U.S. at 846).**[4]**  *See also State v. Hernandez*,

---

is to ensure the reliability of testimony by permitting the jury to draw conclusions from the manner and demeanor of the witness. *Id.* at 845–46. In the case before it, the Court found a strong state interest in protecting child abuse victims from further trauma, and the testimony was otherwise reliable because the witnesses were under oath, subject to cross-examination, and their demeanor was on display before the jury. *Id.* at 853, 856–57.

**[4]** In *Romero*, the Texas Court of Criminal Appeals found the disguise violated the Confrontation Clause. *Id.* at 507. The "presence" element and "observation of the witness's demeanor" element were both compromised, as the jury could not see the witness's eyes or facial expressions and the witness could not look the defendant in the eyes. *Id.* at 505. The court

986 A.2d 480, 487–88 (N.H. 2009) (adopting the same rule from *Craig* to assess the constitutionality of a witness's testimony in disguise).

Applying that rule here, the CI's disguise in the form of a wig and mustache was necessary to further an important state interest, namely a witness's safety.  The government offered reasons for protecting the CI's identity, given his continuing involvement in Sinaloa Cartel drug investigations as an undercover agent.  *Cf. Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986) (holding a district court has discretion "to impose reasonable limits on [] cross-examination based on concerns about, among other things, . . . the witness's safety"); *Morgan v. Bunnell*, 24 F.3d 49, 51 (9th Cir. 1994) (recognizing a trial court's "grave responsibility of guarding the safety of courtroom personnel, parties, counsel, jury and audience" and holding that shackling a defendant during trial was not an abuse of discretion where courtroom safety was at risk). Second, the reliability of the CI's testimony was otherwise assured, because (1) he was physically present in the courtroom, (2) he testified under oath, thus impressing him with the seriousness of the matter and the possibility of penalty for perjury, (3) he was subject to cross-examination while Appellant could see him,[5] (4) despite his disguise, the jury was able to hear his voice, see his entire face including his eyes and facial

---

emphasized how the face is "the most expressive part of the body and something that is traditionally regarded as one of the most important factors in assessing credibility."  *Id.* at 506.

[5] The Confrontation Clause assures the defendant the presence of witnesses "upon whom [the defendant] can look while being tried." *Coy*, 487 U.S. at 1017.

reactions to questions, and observe his body language. These are all key elements of one's demeanor that shed light on credibility.[6] Thus, we hold that in this case, the disguise in the form of a wig and mustache did not violate the Confrontation Clause.[7]

Second, we recognize that a witness's testimony in disguise might give rise to a due process violation in certain circumstances by prejudicing the jury against the defendant. For example, it could give a jury the impression that the defendant must be dangerous if witnesses need to protect their identities from him. Or, it might suggest that the witness in disguise is particularly valuable to law enforcement, and hence is particularly credible. Here, given that Appellant had undisputedly seen the CI in person before trial at the undercover warehouse, an alternative solution might have been to seal the courtroom, thereby protecting the CI's identity from the public.

We need not decide whether the CI's testimony in disguise violated Appellant's due process rights because even assuming it did, such error was harmless. Even without the

---

[6] The Supreme Court has stated that a central value of the Confrontation Clause is having the witness "stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief." *California v. Green*, 399 U.S. 149, 158 (1970) (citation omitted).

[7] This result is consistent with the law in other circuits. *See Morales v. Artuz*, 281 F.3d 55, 60–62 (2d Cir. 2002) (holding, on review of denial of federal habeas petition, that permitting a witness's testimony in dark sunglasses was not contrary to clearly established federal law, given that the jurors still "had an entirely unimpaired opportunity to assess the [witness's] testimony" and credibility through her demeanor, speech, and body language).

possibly prejudicial effect of the CI's disguise, it is clear beyond a reasonable doubt that the jury would have delivered a guilty verdict. *Chapman v. California*, 386 U.S. 18, 23-24 (1967) (holding constitutional error harmless if error did not contribute to the verdict beyond a reasonable doubt). The evidence included a video showing Appellant delivering the methamphetamine to the warehouse from the car and staying in the warehouse during discussions about a drug-weapons deal, Appellant's own contradictory testimony regarding whether he knew he possessed the drugs, and Agent Johnny Estrada's testimony that he saw Appellant deliver the drugs to the warehouse. Thus, any due process violation was harmless.

**AFFIRMED.**