**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

<table>
<tr>
<td>

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

JORGE DE JESUS-CASTENEDA,
*Defendant-Appellant*.

</td>
<td>

No. 11-10397

D.C. No.
2:10-cr-00322-
JAT-2

ORDER

</td>
</tr>
</table>

Filed March 29, 2013

Before: J. Clifford Wallace and Carlos T. Bea,
Circuit Judges, and Jane A. Restani, Judge.*

## ORDER

Judge Bea has voted to deny the petition for rehearing en banc, and Judges Wallace and Restani so recommend. The full court has been advised of the petition and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35. The petition for rehearing en banc is denied. No subsequent petitions for panel rehearing or rehearing en banc may be filed. The opinion for *United States v. Jesus-Casteneda*, 705 F.3d 1117 (9th Cir. 2013), filed on January 30, 2013, is amended as follows:

---

* The Honorable Jane A. Restani, Judge for the U.S. Court of International Trade, sitting by designation.

On page 1120, eliminate words starting from <Namely> to immediately before <*Id.* at 505.> Insert in its place the following sentence: <Namely, a disguise should be permitted only when necessary to further an important state interest and when the reliability of the testimony is otherwise assured.>

On page 1120, eliminate words starting from <Applying> to immediately before <The government>. Insert in its place the following sentence: <Applying that rule here, the CI's disguise in the form of a wig and mustache was necessary to further an important state interest, namely a witness's safety, given that the safety concern was so high and the disguise so minimal.>

On page 1121, immediately after <safety was at risk)>, insert the following: <The court made a case-specific finding that the disguise was necessary. The government told the court the disguise was needed, given that the CI was "continuing to operate [in a] confidential informant capacity," and because "the evidence has demonstrated [that this case] involves high-level members of a particular cartel in Sinaloa who, in fact, traffics very heavily through the Arizona corridor. [The CI] has been acting and interacting with very high levels within that organization who [sic] has been demonstrated to be quite dangerous . . ." The trial court ruled that the need for the disguise was "obvious," "not even a close question," and that when weighed against the "risks that have been presented," the proposed disguise was a "very small impingement . . . on the ability of the [jury] to judge [the CI's] credibility.">