

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  14-50264 |
| Plaintiff - Appellee, | D.C. No.  3:09-cr-03481-BEN-1 |
| v. | |
| JOSE SALVADOR CENDEJAS-CAMPEZANO, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted July 10, 2015
Pasadena, California

Before: REINHARDT and CLIFTON, Circuit Judges and DU,** District Judge.

Jose Salvador Cendejas-Campezano appeals from the district court's

imposition of a 24-month sentence for violating the conditions of his supervised

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Miranda M. Du, District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

release by entering the United States illegally in violation of 8 U.S.C. § 1325. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

In November 2013, while serving a term of supervised release, Cendejas-Campezano was arrested in California. He was subsequently charged, in part, with violating a condition of his supervised release that prohibited him from committing new crimes. Among other crimes, Cendejas-Campezano allegedly violated 8 U.S.C. § 1326 (entry after deportation) and 8 U.S.C. § 1325 (improper entry into the United States). The petition to revoke supervised release listed these alleged crimes as Allegations 3 and 4, respectively.

The district court found that Cendejas-Campezano had violated a condition of his supervised release, and classified the violation as a Grade B violation under the U.S. Sentencing Guidelines. Considering Cendejas-Campezano's criminal history, the court calculated a sentence range of 18 to 24 months and imposed a 24-month sentence. *See* U.S.S.G. §§ 7B1.1, 7B1.4.

Cendejas-Campezano challenges the district court's classification of his conduct as a Grade B violation under the Guidelines. *See* U.S.S.G. §§ 7B1.1, 7B1.4. Because Cendejas-Campezano never specifically objected to this classification, we review for plain error. *See United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009); *United States v. Grissom*, 525 F.3d 691, 694 (9th Cir. 2008).

The district court's oral ruling is open to several reasonable interpretations regarding which allegation the court sustained. *United States v. O'Brien*, 789 F.2d 1344, 1347 (9th Cir. 1986). The district court did not specify whether it was sustaining Allegation 3, Allegation 4, or both. The final judgment, conversely, clearly states that the district court sustained only Allegation 4. The government argues for the first time in its answering brief that the final judgment contains a clerical error because, it contends, the district court's oral ruling sustained both Allegations 3 and 4. The government concedes that it never sought to clarify or correct this so-called error, either before the district court or by seeking appellate review. The government therefore waived this argument. *See Singleton v. Wulff*, 428 U.S. 106, 120–21 (1976). Because the final judgment resolves the oral ruling's ambiguity, the final judgment controls our analysis. *United States v. Garcia*, 37 F.3d 1359, 1368 (9th Cir. 1994), *receded from on other grounds by United States v. Jackson*, 167 F.3d 1280, 1283–84 (9th Cir. 1999); *United States v. Munoz-Dela Rosa*, 495 F.2d 253, 255 (9th Cir. 1974) (per curiam).

Cendejas-Campezano's 24-month sentence was the result of plain error. *Hammons*, 558 F.3d at 1105–06. The district court classified Allegation 4 as a Grade B violation, which produced a sentence range of 18 to 24 months. U.S.S.G. § 7B1.4(a). But where, as here, a defendant lacks a previous conviction under 8 U.S.C. § 1325, a violation of § 1325 is a Grade C violation. *See* 8 U.S.C. § 1325(a); *United*

3

*States v. Arambula-Alvarado*, 677 F.2d 51, 52 (9th Cir. 1982); U.S.S.G. § 7B1.1(a)(3). Properly classifying Allegation 4 as a Grade C violation would have prompted a sentence range of 7 to 13 months. U.S.S.G. § 7B1.4(a).

The district court's plain error affected Cendejas-Campezano's substantial rights because there is a reasonable probability that a correct classification would have led the court to impose a lesser sentence. *See United States v. Vargem*, 747 F.3d 724, 728–29 (9th Cir. 2014); *Hammons* 558 F.3d at 1105–06. The district court stated that it would be "guided by" the Guidelines, and did not indicate that it would depart from the applicable sentence range. The district court's misclassification of Allegation 4 as a Grade B violation thus "derailed the sentencing proceeding before it even began." *Vargem*, 747 F.3d at 728 (quoting *United States v. Doe*, 705 F.3d 1134, 1154 (9th Cir. 2013)). The erroneous sentence also "seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Tapia*, 665 F.3d 1059, 1063 (9th Cir. 2011). Accordingly, we vacate the sentence and remand for resentencing.

**VACATED and REMANDED.**