**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

LUCIO MEDINA-SUAREZ,
*Defendant-Appellant.*

No. 20-50294

D.C. No.
3:19-cr-03192-AJB-1

OPINION

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted November 16, 2021
Pasadena, California

Filed April 1, 2022

Before: Marsha S. Berzon and Johnnie B. Rawlinson,
Circuit Judges, and John Antoon II,* District Judge.

Opinion by Judge Antoon

---

*The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

**SUMMARY**[**]

---

**Criminal Law**

The panel vacated a conviction for felony attempted illegal entry in violation of 8 U.S.C. § 1325(a), and remanded for further proceedings, in a case in which the defendant contended that the trial court erred in denying his request for a jury instruction on the lesser-included offense of misdemeanor attempted illegal entry.

There was no dispute about the first step of the two-part test for lesser-included instructions: misdemeanor attempted illegal entry is a lesser-included offense of felony attempted illegal entry, in that the elements of the two offenses are the same except that felony attempted illegal entry includes the added element of a prior § 1325(a) conviction.

As for the second step of the two-part test, the panel held that the district court abused its discretion in finding that the jury could not rationally find the defendant guilty of the lesser offense and acquit him of the greater offense. Noting that a court may not weigh the evidence in determining whether to give a lesser-included offense instruction, the panel wrote that a rational jury could have surveyed the evidence presented at trial—including the A-file custodian's testimony on cross-examination—and concluded that it had reasonable doubts about whether the defendant charged in this case was the same defendant named in a prior misdemeanor illegal-entry judgment. The panel concluded

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

that under these circumstances, a lesser-included instruction was required.

Because the panel vacated the conviction and remanded, the panel did not reach evidentiary issues raised by the defendant.

## COUNSEL

Kara Hartzler (argued), Federal Defenders of San Diego, Inc., San Diego, California, for Defendant-Appellant.

Zachary J. Howe (argued), Assistant United States Attorney; Daniel E. Zipp, Chief, Appellate Section; Randy S. Grossman, Acting United States Attorney; United States Attorney's Office, San Diego, California; for Plaintiff-Appellee.

## OPINION

ANTOON, District Judge:

A jury found Lucio Medina-Suarez guilty of felony attempted illegal entry into the United States by an alien in violation of 8 U.S.C. § 1325(a). Medina-Suarez contends that the trial court erred in denying his request for a jury instruction on the lesser-included offense of misdemeanor attempted illegal entry, and he also challenges several evidentiary rulings. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Medina-Suarez's lesser-included instruction argument has merit and is dispositive of this appeal, we vacate and remand without reaching the evidentiary issues.

## I.  BACKGROUND

In July 2019, border patrol agents encountered Medina-Suarez in a remote area of California about a mile north of the United States-Mexico border. When questioned, Medina-Suarez told the agents he was a citizen of Mexico and did not have any documents allowing him legally to be in the United States. The government initially charged Medina-Suarez with misdemeanor attempted illegal entry under 8 U.S.C. § 1325(a), but three weeks later the grand jury returned an indictment increasing the charge to felony attempted illegal entry—an offense with the same elements as the misdemeanor but with the additional element of a prior § 1325(a) conviction.

The case proceeded to trial in September 2020. One of the government's witnesses was the custodian of "A-Files"—files that contain documents regarding aliens' immigration histories. During direct examination, the A-File custodian identified the number of Medina-Suarez's A-File and described several documents in that file, including: warrants of removal/deportation from September 2018 and July 2019; written "warning[s] to alien ordered removed or deported" dated September 2018 and July 2019; and a criminal complaint and judgment of guilt for misdemeanor illegal entry dated September 2018 from the United States District Court in the District of Arizona.

On cross-examination, the A-File custodian acknowledged that he did not create Medina-Suarez's A-File, add the documents to it, or have personal knowledge of any of the events described in the documents. He agreed that documents are often associated with a particular A-File through unique A-File numbers and fingerprints. And although the 2018 and 2019 warrants of removal/departure and the 2019 warning included Medina-Suarez's A-File

number and index fingerprint on them, the custodian acknowledged that the 2018 warning did not have a fingerprint and that the 2018 judgment lacked both the A-File number and a fingerprint. The custodian thus conceded that the only thing connecting the judgment to the A-File was the name "Lucio Medina-Suarez," and the custodian had not run any database checks to see how many people in California or Arizona share that name.

Before and during trial, Medina-Suarez requested a jury instruction on the lesser-included offense of misdemeanor attempted illegal entry, which the jury could select if it was unpersuaded by the government's evidence of a prior conviction. The government opposed this instruction, arguing that it was unnecessary and that it might confuse the jurors. The district court agreed with the government, denying Medina-Suarez's request and stating: "I know in this area, except in capital cases, the court has wide discretion. So I think it's going to be confusing [to give the requested instruction]. I think it's actually Mr. Medina[-Suarez] is either guilty or he walks, as opposed to he gets stuck with a misdemeanor, which is going to have the same-but-one-different element. And the confusion or suggestion of confusion, based on the state of the evidence, I don't see it to be appropriate. So I will reject that. So that's out."

The jury found Medina-Suarez guilty of felony attempted illegal entry, and the district court sentenced him to six months' imprisonment followed by one year of supervised release. On appeal, Medina-Suarez challenges the district court's refusal to instruct the jury on the lesser-included offense of misdemeanor attempted illegal entry and its admission into evidence of the warrants, warnings, criminal complaint, and judgment.

## II.  DISCUSSION

"A defendant is entitled to an instruction on a lesser-included offense if the law and evidence satisfy a two-part test:  1) 'the elements of the lesser offense are a subset of the elements of the charged offense'; and 2) 'the evidence would permit a jury rationally to find [the defendant] guilty of the lesser offense and acquit [him] of the greater.'" *United States v. Arnt*, 474 F.3d 1159, 1163 (9th Cir. 2007) (first alteration in original) (citations omitted) (first quoting *Schmuck v. United States*, 489 U.S. 705, 716 (1989); and then quoting *Keeble v. United States*, 412 U.S. 205, 208 (1973)). We review the first step de novo because it presents an issue of law, and we review the second step for abuse of discretion because it includes the "factual inquiry" whether "the record contain[s] evidence that would support a conviction of the lesser offense." *Id*.

There is no dispute in this case about the first step of the two-part test for lesser-included instructions. As the government concedes, it is well-established that misdemeanor attempted illegal entry is a lesser-included offense of felony attempted illegal entry. *See, e.g.*, *United States v. Lopez-Beltran*, 619 F.2d 19, 20 (9th Cir. 1979) (per curiam). Indeed, the elements of the two offenses are the same except that felony attempted illegal entry includes the added element of a prior § 1325(a) conviction; that is, a first offense is a misdemeanor, and a subsequent offense is a felony. *See* 8 U.S.C. § 1325(a); *United States v. Arriaga-Segura*, 743 F.2d 1434, 1435 (9th Cir. 1984).[1]

---

[1] Although under many statutes a prior conviction acts only as a factor that increases a defendant's sentence, *see Almendarez-Torres v. United States*, 523 U.S. 224 (1998), a prior § 1325(a) conviction "is an

As for the second step of the two-part test, we conclude that the district court abused its discretion in finding that the jury could not rationally find Medina-Suarez guilty of the lesser offense (misdemeanor attempted illegal entry) and acquit him of the greater offense (felony attempted illegal entry). Given that the only distinct element required for a felony conviction in this case is a prior conviction for the same crime, the jury could have rationally chosen the lesser offense simply by finding that the government failed to prove that Medina-Suarez was previously convicted under 8 U.S.C. § 1325(a).

The fact that the jury did ultimately return a felony conviction below does not undermine this point. As the Supreme Court has acknowledged, one of the very purposes of a lesser-included offense instruction is to protect a defendant from the possibility that "where the jury suspects that the defendant is plainly guilty of *some* offense, but one of the elements of the charged offense remains in doubt, . . . the jury will likely fail to give full effect to the reasonable-doubt standard, resolving its doubts in favor of conviction." *Schmuck*, 489 U.S. at 717 n.9; *see also Keeble*, 412 U.S. at 212 (stating that "a defendant is entitled to a lesser offense instruction . . . precisely because he should not be exposed

---

element of" felony attempted illegal entry under § 1325(a) because the second commission "changes the nature of the crime," *United States v. Rodriguez-Gonzales*, 358 F.3d 1156, 1160 (9th Cir. 2004) (quoting *United States v. Campos-Martinez*, 967 F.2d 589, 591 (9th Cir. 1992), *abrogated on other grounds by Almendarez-Torres*, 523 U.S. 224 (1998)); *see also United States v. Arriaga-Segura*, 743 F.2d 1434, 1435 (9th Cir. 1984) ("To establish felony illegal entry, the Government must show that the defendant is an alien who entered the United States at a nondesignated place and had been previously convicted of illegal entry.").

to the substantial risk" of conviction on an unproven greater offense).

The government argues that there "was no question about" the prior conviction element of the felony offense, but that is not so. As evidenced by Medina-Suarez's cross-examination of the A-File custodian, the "prior conviction" element of felony attempted illegal entry was disputed at trial. The custodian admitted, for example, that the 2018 judgment located in Medina-Suarez's A-File did not have an A-File number, a fingerprint, or any other identifying feature—other than the name—to prove that the judgment was entered against *this* "Lucio Medina-Suarez" and not a different one.[2]

According to the government, the absence of identifiers on the 2018 judgment is not enough for a rational jury to doubt Medina-Suarez's prior conviction because the judgment is linked to him through other evidence. At trial, for example, the government introduced a warrant of removal indicating that *this* Medina-Suarez—identified by his name, photograph, fingerprints, and A-File number on the document—was deported from the United States on

---

[2] In cases like this one where the element that distinguishes the lesser offense from the greater is a prior conviction—the proof of which is completely divorced from the proof of the other elements—it could be argued that a lesser-included offense instruction should be given on request any time the defendant does not concede the distinguishing element, even when that element is not actively contested. Because we conclude that Medina-Suarez's cross-examination of the A-File custodian was sufficient under our precedent to support his request for the instruction, we have no occasion to reach that question here.

December 11, 2018, shortly after the 2018 judgment was entered against his supposed namesake.[3]

But even if the government is correct that this additional evidence tends to plug the holes punched by Medina-Suarez's cross-examination of the A-File custodian, our precedent commands that a court "may not weigh the evidence in determining whether to give a lesser included offense instruction." *United States v. Hernandez*, 476 F.3d 791, 800 (9th Cir. 2007). Instead, "[t]he standard announced by the Supreme Court is that regardless of the weight of the evidence, a defendant is entitled to a lesser included offense instruction if the evidence would allow a rational jury to convict him of the lesser offense and acquit him of the greater . . . . What matters is what a jury could have concluded from the evidence presented." *Id*. (citing *Keeble*, 412 U.S. at 208).[4] Here, a rational jury could have surveyed

---

[3] We note that the government's reliance on these removal documents to bolster the link between Medina-Suarez and the 2018 judgment may conflict with the district court's own jury instructions. When the documents were admitted at trial, the district court instructed the jury to "consider [them] only for the purpose of deciding whether the defendant was an alien at the time of his attempted entry into the United States, and had the state of mind, knowledge, or intent necessary to commit the crime charged in the indictment." Later, at the conclusion of trial, the district court reiterated that the jury should "consider this evidence [of a prior removal] only for its bearing, if any, on the question of the defendant's alienage and his knowledge and intent, and for no other purpose."

[4] As the Supreme Court explained in *Keeble*, "the lesser included offense doctrine developed at common law to assist the prosecution in cases where the evidence failed to establish some element of the offense originally charged," but "it is now beyond dispute that the defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." 412 U.S. at 208.

the evidence presented at trial—including the A-file custodian's testimony on cross-examination—and concluded that it had reasonable doubts about whether the Medina-Suarez charged in this case was the same Medina-Suarez named in the 2018 judgment. Under these circumstances, a lesser-included offense instruction was required.

The cases relied on by the government are not to the contrary. Each involves a situation in which the evidence used to prove an element common to both the greater and lesser offenses necessarily proved the distinct element of the greater offense. In these situations, a jury could not rationally find the defendant guilty of the lesser offense without also finding him guilty of the greater offense. The most common example occurs in drug cases involving a significant amount of drugs. In *United States v. Espinosa*, for example, this Court determined that an instruction on the lesser-included offense of simple possession was not warranted because a jury that found the defendant in possession of sixty-nine pounds of cocaine could "not rationally conclude that there was no intent to distribute" cocaine, in light of the large quantity. 827 F.2d 604, 615 (9th Cir. 1987); *see also United States v. Vaandering*, 50 F.3d 696, 704 (9th Cir. 1995) ("[A] rational jury could not have convicted [the defendant] for conspiracy to possess without relying on the precise evidence establishing that the purpose of the conspiracy was the production and distribution of methamphetamine."); *United States v. Powell*, 932 F.2d 1337, 1341–42 (9th Cir. 1991) (rejecting the need for a lesser-included offense instruction on similar grounds).

A second set of cases cited by the government, distinct for the same reasons as the drug cases discussed above, consists of murder cases in which the circumstances of the

killing, if accepted by the jury, necessitate a conviction on the greater offense. In *United States v. Manuel*, for example, this Court held that the defendant was not entitled to an instruction on the lesser-included offense of involuntary manslaughter because "uncontradicted evidence" regarding the gruesome nature of the killing "would not have permitted a rational jury to conclude that [the defendant] caused [the victim]'s death without at the same time concluding that [the defendant] acted with wanton and callous disregard of human life amounting to malice"—the distinct element required for a conviction on the greater offense of second-degree murder. 706 F.2d 908, 916 (9th Cir. 1983). *Compare id. with Arnt*, 474 F.3d at 1165 (holding that an instruction on involuntary manslaughter was required in a voluntary manslaughter case where the circumstances of a fatal stabbing did not necessarily indicate intent, even though "the evidence supporting unintentional death [was] inconsistent with other evidence").

All told, the cases cited by the government simply reflect the fact that "a lesser-offense charge is not proper where, on the evidence presented, the factual issues to be resolved by the jury are the same as to both the lesser and greater offenses." *Sansone v. United States*, 380 U.S. 343, 349–50 (1965). Such is not the case here. Here, the element that distinguishes misdemeanor attempted illegal entry from felony attempted illegal entry under § 1325(a) is a prior § 1325(a) conviction—an element based on a completely separate event as a matter of both time and conduct. Unlike the cases cited above, no court can fairly say that the evidence used to prove the elements of the lesser offense in this case (attempted illegal entry in 2019) necessarily proves the distinct element of the greater offense (a prior conviction for illegal entry in 2018). "A lesser-included offense instruction is . . . proper where the charged greater offense

requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense." *Id.* at 350. Thus, Medina-Suarez was "entitled to a lesser-included offense charge." *Id.* at 351.

### III.  CONCLUSION

Because the jury, if given the option, rationally could have found Medina-Suarez guilty of misdemeanor attempted illegal entry and not guilty of felony attempted illegal reentry, the district court abused its discretion in rejecting Medina-Suarez's request for a lesser-included offense instruction. We therefore vacate Medina-Suarez's conviction for felony attempted illegal entry and remand for further proceedings consistent with this opinion.[5]

**VACATED and REMANDED.**

---

[5] As earlier noted, the lesser-included instruction issue is dispositive, and we need not address Medina-Suarez's evidentiary challenges.