**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 2 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MANUEL DE JESUS GONZALEZ-UTZ; MARIA PAULINA GONZALEZ-SUNUC, | No. 23-240 |
| | Agency Nos. A201-448-718 A201-448-717 |
| Petitioners, | |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 28, 2024[**]
Pasadena, California

Before: RAWLINSON, LEE, and BRESS, Circuit Judges.

Manuel De Jesus Gonzalez-Utz (Gonzalez-Utz) and Maria Paulina

Gonzalez-Sunuc (Gonzalez-Sunuc), natives and citizens of Guatemala, petition for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review of a decision of the Board of Immigration Appeals (BIA) dismissing their appeal of the finding by an Immigration Judge (IJ) that they were "removable as charged." We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"When the BIA reviews the IJ's decision de novo, our review is limited to the BIA's decision except to the extent that the IJ's opinion is expressly adopted." *Park v. Garland*, 72 F.4th 965, 974 (9th Cir. 2023) (citation and internal quotation marks omitted). "But when the BIA appears to have conducted de novo review, yet the decision lacks any significant analysis, it suggests that the BIA gave significant weight to the IJ's findings and we look to the IJ's decision as a guide to what lay behind the BIA's conclusion." *Id.* (citation, alteration, and internal quotation marks omitted). We review de novo "questions of law" and "claims of due process violations in removal proceedings." *Grigoryan v. Barr*, 959 F.3d 1233, 1239 (9th Cir. 2020) (citations, alteration, and internal quotation marks omitted).

1. Petitioners argue that the Forms I-213 and accompanying Forms I-831 were inadmissible because they were not authenticated. We have held that "documents may be authenticated in immigration proceedings through any recognized procedure, such as those required by INS regulations or by the Federal Rules of Civil Procedure." *Vatyan v. Mukasey*, 508 F.3d 1179, 1182 (9th Cir. 2007) (citation and alteration omitted). As the agency explained, Petitioners'

fingerprints were on the forms and the documents were part of Petitioners' "A File."[1] *See id*. at 1184 (explaining that "the requirement of authentication or identification . . . is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims") (citation and alteration omitted).

Petitioners also contend that the admission of the forms violated their due process rights. To prevail on a due process challenge, Petitioners must establish (1) "that the challenged proceeding was so fundamentally unfair that they were prevented from reasonably presenting their case" and (2) "[s]ubstantial prejudice [which] is established when the outcome of the proceeding may have been affected by the alleged violation." *Grigoryan*, 959 F.3d at 1240 (citations, original alterations, and internal quotation marks omitted). Petitioners have not established that admission of the forms was fundamentally unfair, or that the absence of the forms would have changed the outcome of their proceedings. *See Sanchez v. Holder*, 704 F.3d 1107, 1109 (9th Cir. 2012) (per curiam) ("Admission of a Form I-213 is fair absent evidence of coercion or that the statements are not those of the petitioner.") (citations and internal quotation marks omitted).

2.     Petitioners assert that the translation provided to Gonzalez-Utz during their merits hearing was inadequate and violated Gonzalez-Utz's due process

---

[1]     The "A File" is a file that includes documentation of one's immigration history. *United States v. Medina-Suarez*, 30 F.4th 816, 819 (9th Cir. 2022).

rights. Although Petitioners insist that "Mr. Manuel Gonzalez-Utz could not understand the nature of the proceedings against him," the record reflects that Gonzalez-Utz understood the translator and the nature of the proceedings. Additionally, the IJ made several attempts to obtain an interpreter, and assured Gonzalez-Utz that the court would "spend as much time as possible" for "as long as it takes . . . to make sure that" Gonzalez-Utz understood everything. Petitioners have not demonstrated that a different translator would have changed the outcome of their proceedings. *Cf. Perez-Lastor v. I.N.S.*, 208 F.3d 773, 780-81 (9th Cir. 2000). Thus, Petitioners failed to establish that the proceedings were "fundamentally unfair." *Grigoryan*, 959 F.3d at 1240.

**3.** Petitioners also contend that the IJ violated their due process rights by questioning Gonzalez-Utz's alienage. But the IJ asked about Gonzalez-Utz's alienage solely to "determine the appropriate dialect" for translation purposes. Petitioners have not demonstrated that the IJ's questions "prejudiced [their] interest." *Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011).

**4.** The IJ did not abuse its discretion in denying a competency hearing for Gonzalez-Utz. The record does not reflect that "there [were] indicia of incompetence" that required a hearing. *Calderon-Rodriguez v. Sessions*, 878 F.3d 1179, 1182 (9th Cir. 2018).

**Petition Denied.**[2]

---

[2] Petitioners also contend that the IJ violated the Settlement Agreement under *Flores v. Lynch*, 828 F.3d 898, 903 (9th Cir. 2016), and that the IJ erroneously denied their motion to sever the proceedings. However, Petitioners "failed to exhaust the[se] alleged claim-processing violation[s] as required under 8 U.S.C. § 1252(d)(1), [and] we deny this portion of the petition." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023), *as amended* (citations omitted). Petitioners' motion to stay removal, Dkt. 2, is denied. The temporary stay of removal shall remain in place until the mandate issues.