**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

AUG 14 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-618 |
| Plaintiff - Appellee, | D.C. No. 2:21-cr-00132-JCC-1 |
| v. | MEMORANDUM* |
| FERNANDO LOPEZ-ARMENTA, |  |
| Defendant - Appellant. |  |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, Senior District Judge, Presiding

Argued and Submitted June 5, 2024
Portland, Oregon

Before: RAWLINSON, FORREST, and SUNG, Circuit Judges.

Fernando Lopez-Armenta appeals his convictions for possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841 (a)(1), (b)(1)(A), and for carrying a firearm during the commission of a drug trafficking crime in violation of 18 U.S.C. § 924 (c)(1)(A)(i). We have jurisdiction under 28 U.S.C § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. The district court did not abuse its discretion by declining to instruct the jury on the lesser-included offense of simple possession. A defendant is entitled to a lesser-included offense instruction if, among other things, "the evidence would permit a jury rationally to find the defendant guilty of the lesser offense and acquit him of the greater." *United States v. Medina-Suarez*, 30 F.4th 816, 819 (9th Cir. 2022) (quoting *United States v. Arnt*, 474 F.3d 1159, 1163 (9th Cir. 2007)) (cleaned up).[1]

We review the district court's "factual inquiry" as to whether "the record contains evidence that would support a conviction of the lesser offense" for abuse of discretion. *Id.* at 820 (quoting *Arnt*, 474 F.3d at 1163) (cleaned up). Where "evidence used to prove an element common to both the greater and lesser offenses necessarily prove[s] the distinct element of the greater offense[,] . . . . a jury could not rationally find the defendant guilty of the lesser offense without also finding him guilty of the greater offense." *Id.* at 821–22. "[A] district court may not weigh

---

[1] Lopez-Armenta argued that he was entitled to a lesser-included offense instruction based on our holding that "a defendant is entitled to an instruction concerning his theory of the case if it is legally sound and evidence in the case makes it applicable, even if the evidence is weak, insufficient, inconsistent, or of doubtful credibility. A defendant needs to show only that there is evidence upon which the jury could rationally sustain the defense. . . ." *United States v. Kayser*, 488 F.3d 1070, 1076 (9th Cir. 2007) (internal quotation marks and citations omitted). That rule is not applicable here, because it concerns actual defenses or theories that defendants present. Rather, the specific rule for lesser-included offenses governs.

the evidence in determining whether to give a lesser included offense instruction." *United States v. Hernandez*, 476 F.3d 791, 800 (9th Cir. 2007).

The uncontested evidence at trial established that Lopez-Armenta contacted a confidential informant concerning the informant's need for fentanyl pills and arranged to meet with the informant. Police arrested Lopez-Armenta at this meeting. Lopez-Armenta had a gun, ammunition, about $3,500 in cash, and confessed to possessing approximately 429.6 grams of fentanyl pills recovered from his car. Considering all the uncontested evidence, the district court did not abuse its discretion in concluding that no rational juror could find that Lopez-Armenta possessed the 429.6 grams of fentanyl for personal use. *See id.* at 798 ("[W]here there is a large quantity of a drug and other evidence tending to establish distribution[,] . . . . once a jury determines that a defendant possessed the drugs, it could not rationally conclude that there was no intent to distribute." (citations and internal quotation marks omitted)).

2.     The district court did not abuse its discretion by allowing the informant to testify in partial disguise wearing a COVID-style mask. *See United States v. de Jesus-Casteneda*, 705 F.3d 1117, 1119 (9th Cir. 2013) ("The appropriate standard of review for the district court's decision to allow the [confidential informant to testify in] disguise is abuse of discretion."), *amended on denial of reh'g en banc by* 712 F.3d 1283 (9th Cir. 2013). "A criminal defendant's

right to cross-examination includes the right to face physically those who testify against him and to ensure that the witness gives his statement before the jury so the jury may observe the witness's demeanor." *Id.* This requirement may be dispensed with when "necessary to further an important public policy and only where the reliability of the testimony is otherwise assured." *Maryland v. Craig*, 497 U.S. 836, 850 (1990).

Here, the mask disguise furthered the important public policy of ensuring the informant's safety. *See de Jesus-Casteneda*, 705 F.3d at 1120 (holding that a confidential informant's disguise "was necessary to further an important state interest, namely a witness's safety . . . . given his continuing involvement in [cartel] drug investigations as an undercover agent."). Although only part of the informant's face was visible when wearing the mask, the remaining reliability factors were met. *See id.* at 1121 ("[T]he disguise in the form of a wig and mustache did not violate the Confrontation Clause" where "the reliability of the [informant's] testimony was otherwise assured . . . ."). The informant was physically present at trial, testified under oath, was subject to cross-examination while Lopez-Armenta could see him, and the jury was able to hear his voice, see his eyes, and observe his body language. *See id.* (listing these as "key elements of one's demeanor that shed light on credibility").

**AFFIRMED.**